(115 App. Div. 102)

## DAILEY v. DISTLER.

(Supreme Court, Appellate Division, Second Department. October 17, 1906.)

INNKEEPERS—INJURY TO GUEST—CONTRIBUTORY NEGLIGENCE.

An innkeeper is not liable for injuries received by a guest through falling down steps while groping his way through a dark and unlighted passageway in the hotel.

[Ed. Note.—For cases in point, see vol. 27, Cent. Dig. Innkeepers, §§ 14, 15.]

Woodward, J., dissenting.

Appeal from Municipal Court of City of New York.

Action by Louise Dailey against John Distler. Judgment for plaintiff. Defendant appeals. Reversed.

Action against a hotel keeper for negligence. The plaintiff was in the billiard room of the hotel of the defendant with two other women. She had never been there before. At one corner of the room was a door with the sign "Private" over it. It opened into a passageway which led straight to the private dining room of the proprietor. Half way along it another passageway led from it to a water closet. The plaintiff and her two companions went through the said door marked private in order to go to the water closet. The plaintiff had inquired of one of her companions where the ladies' toilet was and was told to go that way. The said companion afterwards testified that she had been there on former occasions. The plaintiff went ahead, and having taken two or three steps from the door fell down a descent of two or three steps in the hall. She did not see the steps because of the darkness. She and her companions testified it was pitch dark, so dark that they could not see each other, or their hands before them. It was after dark, and there were no lights in the passageway. The evidence for the defendant was that the

closet was a private one for his family, not a public one. There was a water closet for ladies off the hotel parlor and the door to it had a sign "Ladies Toilet." One of the companions of the plaintiff testified when called in rebuttal that she had used the closet to which the plaintiff was going on former occasions about six times, and that other women in her company used it. There was no evidence of its general use.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, GAYNOR, and RICH, JJ.

Michael Schaap, for appellant.

James C. Cropsey, for respondent.

GAYNOR, J.   If we disregard the fact of the door being marked private, and assume that it and the hall and closet were for general use, the judgment must nevertheless be reversed for the contributory negligence of the plaintiff in groping through the dark passageway.   She was not permitted to take it for granted that the passageway would continue on the same level.   Brugher v. Buchtenkirch, 167 N. Y. 153, 60 N. E. 420; Hilsenbeck v. Guhring, 131 N. Y. 674, 30 N. E. 580. Both of these were landlord and tenant cases, it is true, but we are dealing here, the same as there, with the question of contributory negligence of the plaintiff, and not with the breach of duty or negligence of the defendant in neglecting to provide light, and that question is the very same here as there; it rests on the same principle.   Assuming that the landlords were negligent, it was decided that the plaintiffs had been negligent. But in Piper v. N. Y. C. & H. R. R. Co., 156 N. Y. 224, 50 N. E. 851, 41 L. R. A. 724, 66 Am. St. Rep. 560, we have a decision exactly in point.   There the plaintiff was a passenger in a sleeping car, and he walked out of the vestibule door instead of through the toilet door, which he was groping for in the dark.   There the duty of the railroad company to furnish him light and attendance was certainly as great as that of a hotel keeper to his guest; and this we can say without taking into account the statement in the opinion in that case that such duty of the company to the plaintiff was "the utmost degree of care and skill which human prudence and foresight can suggest in transporting him."   From this standpoint that case would be much stronger for the plaintiff than this; and yet his groping in the dark was held to be contributory negligence.   The case of Parker v. Portland Pub. Co., 69 Me. 173, 31 Am. Rep. 262, was that of a person hurt in a dark hall while entering a newspaper establishment to leave an advertisement  He was deemed there by invitation for business purposes, and yet defeated for his contributory negligence in groping along and falling into an elevator shaft.   The case of Gaffney v. Brown, 150 Mass. 479, 23 N. E. 233, is that of hotel keeper and guest.   The plaintiff mistook a door from the dining room to the cellar for the dining room door, and was defeated for contributory negligence in not looking where she was going.

The judgment should be reversed.

Judgment of the municipal court reversed, and new trial ordered, costs to abide the event.

HIRSCHBERG, P. J., and JENKS, J., concur.   WOODWARD, J., dissents.   RICH, J., not voting.