### KEHOE v. STERN.

(Supreme Court, Appellate Term. January 7, 1909.)

MASTER AND SERVANT (§ 235*) — INJURY TO SERVANT — CONTRIBUTORY NEGLIGENCE.

> An employé opened a door leading into an elevator shaft, and fell into the shaft and was injured. She mistook the elevator door for that of a storeroom which was next to it, both opening off a common hallway. She did not know of the existence of the elevator shaft. There was evidence of the absence of light in the hall. *Held*, that she was guilty of contributory negligence, within the rule that one who gropes about in a dark place, and opens a wrong door through mistake, and receives injury, cannot recover.
>
> [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 710; Dec. Dig. § 235.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Joanna Kehoe against Sara Stern. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Corbitt & Stern, for appellant.
James S. McDonogh, for respondent.

FORD, J. Plaintiff respondent, a cook in defendant's family for two days before the accident, opened a door leading into an open elevator shaft, fell into it, and received injuries, on account of which she recovered judgment. She mistook the elevator door for that of the storeroom, which was next to it; both opening off a common hallway.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Without passing upon the question of the defendant's negligence—and it is doubtful whether any has been shown—plaintiff failed to show freedom from contributory negligence. She did not know of the existence of the elevator shaft; but, even if she did, such knowledge would not have prevented the accident, because she did not intentionally open the elevator door, but supposed she was opening the door of the storeroom. So warning or knowledge of the existence of the elevator shaft has nothing to do with the case. If there was clear light in the hall, there would be no doubt of her contributory negligence. But there is some testimony as to the absence of light. The darker it was, the more cautious she should have been. It is well settled that one who gropes about in a dark place, opens a wrong door, and through such mistake receives injury, may not recover. Piper v. N. Y. C. & H. R. R. R. Co., 156 N. Y. 224, 50 N. E. 851, 41 L. R. A. 724, 66 Am. St. Rep. 560; Hilsenbeck v. Guhring, 131 N. Y. 674, 30 N. E. 580; Dailey v. Distler, 115 App. Div. 102, 100 N. Y. Supp. 679; Gaffney v. Brown, 150 Mass. 479, 23 N. E. 233.

The judgment appealed from should be reversed, and a new trial ordered, with costs to appellant to abide the event.

GIEGERICH, J. I concur, on the grounds last stated in Mr. Justice FORD'S opinion.

HENDRICK, J., concurs in result.