WILLIAM C. TRUAX, Appellant, *v.* ROSE KNOX, Respondent.

Third Department, May 7, 1919.

Landlord and tenant — duty to furnish elevator service or reasonably safe substitute — injury to tenant while turning on light at head of stairway — evidence — questions for jury — negligence — contributory negligence — appeal — nonsuit — plaintiff entitled to most favorable inferences.

In an action for personal injuries by a tenant on the fourth floor of a five-story office building with elevator service owned by the defendant, it appeared that there were three halls on the fourth floor, one extending along the front of the building affording immediate access to the elevator and stairway, another extending along the rear of the building on which the plaintiff's office was located, and the third connecting the other two directly opposite the elevator; that there were three electric lights operated independently of each other, one at the head of the stairway near the elevator and two or three feet back from the upper step, another in the connecting hall about twenty feet from the elevator, and the third in the rear hall opposite the plaintiff's office; that when plaintiff and his assistant, about eleven o'clock in the evening, proceeded from the office to the elevator, the light in the connecting hall was the only one burning; that as they passed this the assistant extinguished it and upon reaching the elevator, which was not running, went back to turn on the light, and the

Third Department, May, 1919.                    [Vol. 188.

plaintiff, in attempting to turn on the other light near the head of the
stairway, fell, sustaining injuries.

*Held*, that the elevator service failing on the occasion in question it was the
duty of the defendant to furnish a reasonably safe substitute as a means
of egress, and it cannot be held as matter of law that defendant was under
no obligation to light the stairway;

That the question of plaintiff's contributory negligence and of the defendant's
negligence should have been submitted to the jury.

A plaintiff upon appeal from a nonsuit is entitled to the most favorable
inferences properly deducible from the evidence.

H. T. KELLOGG, J., dissented.

APPEAL by the plaintiff, William C. Truax, from a judgment
of the Supreme Court in favor of the defendant, entered in
the office of the clerk of the county of Fulton on the 18th day
of May, 1918, upon a dismissal of the complaint by direction
of the court at the close of plaintiff's case, and also from the
order of dismissal.

The defendant owns an office building in Gloversville, N. Y.,
five stories high with elevator service. The plaintiff was
a tenant having an office on the fourth floor, and according
to his testimony was entitled as such tenant to elevator
service. Next to the elevator is a stairway leading to the
floor below and which with other stairways connecting the
different floors furnishes a means of ingress and egress to and
from the building. There are three halls on the fourth floor.
One extends along the front of the building and affords
immediate access to the elevator and stairway. Another
extends along the rear of the building and on this hall the
plaintiff's office was located. The third hall connects the
other two directly opposite the elevator. There are also three
electric lights on this floor operated independently of each
other. One is at the head of the stairway near the elevator
and two or three feet back from the upper step of the stair-
way. Another is in the connecting hall opposite the elevator
and about twenty feet therefrom. The third light is in the
rear hall opposite the plaintiff's office.

About eleven o'clock in the evening plaintiff and his assistant
proceeded from the office to the elevator for the purpose of
leaving the building. The light in the connecting hall was
the only one burning. As they passed under this light the
assistant of the plaintiff extinguished it, leaving the hall in

total darkness. They proceeded straight ahead to the elevator and signalled the operator but he was not in attendance and the elevator failed to respond. The assistant told his employer to wait and he would go back and turn on the light which he had just put out and proceeded to do so. The plaintiff, not waiting for that light, attempted to turn on the light near the head of the stairway and while reaching up for that purpose in the darkness miscalculated the exact position of the stairway and fell down the same thereby injuring himself.

*Samuel Levy,* for the appellant.

*John J. Scully,* for the respondent.

COCHRANE, J.:

The defendant insists first that she was under no obligation to furnish a light and second that if such an obligation rested on her she met it by having a light in the intersecting hall which was extinguished by the plaintiff and his assistant on their way to the elevator.

As to the first proposition the defendant relies on *Rohrbacher* v. *Gillig* (203 N. Y. 413); *Hilsenbeck* v. *Guhring* (131 id. 674), and *Brugher* v. *Buchtenkirch* (167 id. 153). Those were all hallway cases. They establish that in the absence of a statutory requirement or of an express contract there is ordinarily no obligation on the part of a landlord to keep hallways lighted. The present is the case of a stairway which is more dangerous than a hallway. But the same rule in respect to hallways and stairways is stated in 16 Ruling Case Law (Landlord and Tenant, § 560). In the instant case the defendant had contracted with the plaintiff to give him elevator service, thereby relieving him from the use of the stairway. The elevator service failing on the occasion in question it was clearly the duty of the defendant to furnish a reasonably safe substitute as a means of egress. Such duty should be measured by the exigency of the plaintiff lawfully in a dark building and denied the usual means of exit for which he had contracted. The plaintiff was a stranger to the stairway. By virtue of his contract he was under no duty to familiarize himself with its exact location or peculiarities of construction

as would be the case if he had been required by his contract to use it as a way of necessity or convenience. I think the authorities cited have no application to such a situation and that it cannot be held as matter of law that the defendant was under no obligation under these circumstances to light the stairway.

As to the second proposition, that there was a light which the plaintiff extinguished, there is evidence that the lights were turned on and off by the tenants to suit their convenience. One witness testified that the last person leaving the building would turn off the light. When the plaintiff's assistant extinguished the light in the connecting hall he expected the elevator was in operation. His act in so doing was in the interest of the defendant and as the jury might have found was justified by custom and had the acquiescence of the defendant. The case must be considered from the standpoint of the plaintiff when he reached the elevator and found himself in darkness and with no way of getting out of the building except by walking down the stairs. This was a situation which from the evidence the jury might properly have found should have been anticipated by the defendant and guarded against by having the light in operation at the head of the stairway. This was the one which naturally and properly would have been used to light the stairway. Had that light been burning the accident would not have happened.

Nor do I think that the plaintiff's contributory negligence can be asserted as matter of law. In each of the cases above cited it was so held against the plaintiff. It was also so held in *Piper* v. *New York Central & Hudson River Railroad Company* (156 N. Y. 224) and *Dailey* v. *Distler* (115 App. Div. 102), cited by defendant. But the negligence of the plaintiff in all of those cases consisted in the assumption that the floor on which the plaintiff was walking in a strange place continued at the same level. In the *Piper* case it was said: " He [the plaintiff] had two courses open to him. He could wait for the light to be renewed; or he could try to reach the closet door without any sufficient light to guide him. What he said he did was to step out, without any hesitation, to open the door that he came to and to continue on in perfect confidence and that, thus, he fell off of the car."

In the *Dailey* case it was said: " She [the plaintiff] was not permitted to take it for granted that the passageway would continue on the same level." In the *Brugher* case it was said: " We know of no reason or custom which justifies one entering a strange house in assuming that the hall will continue at the same level." Here the plaintiff made no such assumption. He knew of the existence of the stairway. He had it in his mind. It was necessary for him to use it and he was preparing to use it. Preliminarily to so doing and as a precautionary measure he was attempting to provide himself a light which as we have seen the jury might have found it was the duty of the defendant to provide. In making this attempt he fell. He did not fall by walking off the stairway unmindful of its existence as in the cases cited. In attempting to turn on the light he was doing what in the *Piper* case as above cited it is stated he should have done. Also in the *Hilsenbeck* case it is stated: " In such case and in the darkness he should not have proceeded in a perfectly strange place, without a light, or in some way taking precautions which would have enabled him to proceed in safety." The case seems to be differentiated from any of those cited.

It may be that the plaintiff was negligent but in my opinion this question as well as the question of the defendant's negligence should have been submitted to the jury for their determination. This being a nonsuit the plaintiff is entitled to the most favorable inferences properly deducible from the evidence. I think the case of the plaintiff put the defendant to her proof.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concurred, except H. T. KELLOGG, J., dissenting.

Judgment and order reversed and new trial granted, with costs to appellant to abide the event.