WILLIAM WEITZEN, an Infant, by SIGMUND WEITZEN, His Guardian ad Litem, and SIGMUND WEITZEN, Plaintiffs, *v.* CAMP MOOWEEN, INC., Defendant.

Supreme Court, Trial Term, New York County, April 20, 1937.

*M. N. Schleider*, for the plaintiff.

*William J. Ahearn*, for the defendant.

McCOOK, J.   During the season of 1930 plaintiff, then aged fifteen, was in attendance at defendant's summer camp in Yantic, Conn.   He had attended the same institution for years.   His father paid $250 annually for all expenses.

On August third the young man was playing in a baseball game between two nines made up of others like himself, on a field shown by a picture in evidence.   The photograph exhibits a generally level surface with a thin growth of grass and weeds, worn to bare earth in spots by base lines and other marks of use.   No noticeable obstructions like rocks or stumps appear within the playing area, and evidently it was as a whole a place suitable and safe for baseball.   To this extent the testimony supports the impression made by the picture.

At the time of the accident in suit, plaintiff was running from first to second base.   As he proceeded at high speed, he saw that the catcher was throwing to intercept him, while the second baseman stood waiting to receive the ball about twelve inches from

second, between that base and home plate. He slid, feet foremost, with a circular motion of his body away from the baseman. His leg was broken. More exact details, as for example where his foot was when the fracture was inflicted, are lacking.

Instead of a canvas sack of a type which defendant had in stock and at the time was either in use on another part of the property or being saved for formal occasions, some unidentified person, either a boy player or an employed councilor, had placed an irregular stone, of dimensions generally resembling these sacks. Under and near the stone there existed a declivity, depression, or hole, attributable to the lay of the land at that point, to wear, to weather, or all three.

While it is consistent with the evidence as a whole to believe that the fracture was caused by a combination of circumstances — the runner's momentum, the stone's immobility, and the presence of an aperture large enough to admit a foot — it does not follow that the accident could have been avoided had the presumably solid filled sack, firmly secured by two spikes, occupied the same position. There is no evidence that the stone did not move, and there is evidence that a filled and anchored bag moves little. We do not know how much heavier, if at all, this particular stone was than a (say) sand-filled bag would be.

Shortly before delivering the charge to the jury, and to supply a correct foundation for a statement of the respective contentions, the court required plaintiff's counsel to define his claim:

" The Court: Is it the plaintiff's theory that defendant's negligence consisted first in placing and permitting to remain a rock for second base instead of a bag of the type which it had at hand?

" *Second,* that defendant permitted to become and remain under and near second base a hole or depression, and that by reason of the combination of the hole or depression and the rock the plaintiff caught his foot and was injured?

" Mr. Jenkins: That is perfectly put, your Honor, with one additional thing: That the defendant knew or should have known that a boy would slide at high speed in that neighborhood."

After the charge, which substantially incorporated an agreed state of facts and was without exceptions, the jury rendered a verdict of $50 on account of the plaintiff son (now of age) and $100 for the father. The court, having previously reserved a motion to dismiss the complaint, further reserved a motion by defendant to set aside the verdict as contrary to law, etc., and a motion by plaintiff to set it aside as inadequate.

In my opinion the verdict must be set aside as contrary to law, and the complaint dismissed. With some hesitation the case was sent to the jury on the strength of an excellent brief, citing among

other authorities the Court of Appeals decision in *Heim* v. *Mitchell-Harlee Camps, Inc.,* (262 N. Y. 523). On further reflection I believe the *Heim* case is not in point. The plaintiff there was a seven year old child, permitted as a spectator to place himself and remain in a position where he could be and was struck by a thrown bat. The situations presented are not comparable. Apart from the logical gap already mentioned, the plaintiff in our case was of baseball playing age and corresponding sense, long and thoroughly familiar with the practice, terrain, and equipment of which he now complains, suing by a father who had visited the establishment and seen the property.

To hold that in such circumstances the proprietor of a boys' camp may be held liable for an injury is to place an undue and unreasonable burden on such institutions, now common and of many different financial grades. Every athletic contest involves some risk, and every factor in the particular situation was open and visible to casual inspection. In considering the defendant's duty to plaintiff, it is to be judged by the standard of the average reasonable parent. By that standard the defendant is exonerated.

Verdict set aside and complaint dismissed. Exception to plaintiff. Thirty and sixty days' stay.