HELEN JEAN MULAC, Appellant, v. GREENTREE HOMES, INC., Respondent.— Action for damages for personal injuries alleged to have been suffered by plaintiff as a consequence of the alleged negligence of the defendant, owner of an apartment building. Judgment for costs in favor of defendant as if the complaint were dismissed, as amended on the trial, reversed on the law, and a new trial granted, with costs to abide the event. The evidence presented a jury question as to whether or not defendant breached a common-law duty owing to plaintiff. She had visited a tenant of defendant and was leaving via an interior courtyard and passageway maintained by defendant from the apartment house to the street. In doing so, at about one A. M., she fell as a consequence of a step at a point where the level of the flagstone passageway changed. Nearby that place defendant maintained a light upon an iron archway which illuminated the place of the accident. The light had been automatically extinguished at one A. M. and the courtyard was in complete darkness. While at common law an owner is not ordinarily obligated to provide common ways with artificial light, there is such an obligation where either defective conditions or conditions of peculiar danger exist which call for special warning. (McCabe v. Mackay, 253 N. Y. 440, 442; Truax v. Knox, 188 App. Div. 61, 63.) Here a jury might find that there existed a condition of peculiar danger which called for a special warning. Defendant seemingly so recognized, because it maintained until one A. M. on this common way a source of illumination that made the place of the happening of the accident visible to one seeking to enter, or to emerge from the courtyard to the street. On the issue of contributory negligence, the cases invoked which hold that one is guilty of negligence as a matter of law in entering an unfamiliar place where darkness renders eyesight ineffective, have no application where one is seeking egress. In the latter situation ordinarily the question is one of fact for the jury. (Kenney v. Rhinelander, 28 App. Div. 246; affd., 163 N. Y. 576; Brown v. Wittner, 43 App. Div. 135; Truax v. Knox, 188 id. 61, 64.) Hagarty, Carswell, Adel, Taylor and Close, JJ., concur.

NYAMCO ASSOCIATES, INC., Respondent, v. CORT REALTY CORP., Appellant, and Others, Defendants, and LOUIS H. PINK, Superintendent of Insurance of the State of New York, as Liquidator of NEW YORK TITLE AND MORTGAGE COMPANY, Respondent.— In an action to foreclose a mortgage on real property, order granting plaintiff's motion for summary judgment and denying defendant Cort Realty Corp.'s cross-motion for summary judgment, etc., in so far as appeal is taken, affirmed, with ten dollars costs and disbursements. No opinion. Appeal from the judgment described in the notice of appeal dismissed, without costs. No such judgment appears in the record. Hagarty, Carswell, Adel, Taylor and Close, JJ., concur.