SIGMUND REISS, Appellant, v. LINDA K. REISS, Respondent.— In an action to recover damages for personal injuries, judgment dismissing the complaint at the close of appellant's case reversed on the law and a new trial granted, with costs to appellant to abide the event. On the evidence adduced, the jury could have found that appellant was a business visitor to respondent's premises, and that respondent was negligent in failing to give appellant, by lighting or otherwise, warning of a condition of peculiar danger existing on such premises. The question of appellant's contributory negligence was likewise one of fact, for the jury to determine. Cases invoked by respondent, which held that one is guilty of negligence as a matter of law in entering an unfamiliar place, where darkness renders eyesight ineffective, have no application to the facts disclosed here. (Cf. *Mulac v. Greentree Homes*, 256 App. Div. 1107.) Nolan, P. J., Wenzel, MacCrate, Schmidt and Ughetta, JJ., concur.

TOWN OF GREENBURGH, Plaintiff, v. BERT F. BUSER et al., Defendants.— Submission of a controversy upon an agreed statement of facts. Judgment is unanimously directed for plaintiff, with costs, declaring that the building permit and certificate of occupancy were illegally issued to defendant Buser in that the plans and specifications and the building erected in accordance therewith do not conform to the provisions of the plaintiff's building zone ordinance, as amended, and the conditions imposed by the town board in granting the application of defendant Buser for a change of zone. Defendants are enjoined from constructing, maintaining, using or occupying the present building, or any building on the premises, until such building conforms to the provisions of the zoning ordinance and the resolution of the town board adopted July 7, 1953, and a proper building permit and certificate of occupancy are duly issued. The facts clearly show violations of the ordinance and resolution in the plans and construction of the present building. The permit and certificate, therefore, are revocable. There is no present need to determine whether the existing disputed uses of parts of the present building constitute a violation of the zoning ordinance. Present — Wenzel, MacCrate, Schmidt and Murphy, JJ; Nolan, P. J., not voting.

MARY TRAINA, Respondent, v. ANGELO D. TRAINA, Appellant.— In an action for separation, defendant appeals from an order granting plaintiff's motion for temporary alimony and a counsel fee, and directing that defendant continue to pay the operating expense of the home in which the parties and their children reside. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Wenzel, MacCrate, Beldock and Ughetta, JJ., concur.