Froessel, J.
Plaintiffs-appellants are son and father. The 14-year-old son brought suit to recover damages for injuries to his nose, allegedly due to defendants’ negligence; the father sued for medical expenses and loss of services. For convenience, we shall hereafter refer to the son as the plaintiff.
Plaintiff sustained his injuries when, as he put it, he ‘1 walked into a tree ” at a summer camp near Canaan, New York, on the evening of August 4,1951. He had been a camper there since the beginning of July, and had also spent the previous summer at the same camp. On the evening in question, he attended the Saturday night camp show in the social or recreation hall. Thereafter at about 9:00 p.m. he left the hall to obtain a jacket from his bunk. The night was dark, neither stars nor moon could be seen.
Without a flashlight on his person, he left by the front door of the social hall, went out onto the porch, walked down the steps that were to his left, proceeded a few steps along the commonly used ££ beaten path” leading to the bunk (which he described as about ££ a city block away” from the well-lit social hall) and then ££ continued along until I hit the tree ”. The path was about 2 or 3 feet wide — wide enough for two persons to walk abreast. The tree, which was 6 feet tall, was some 5 to 10 feet from the social hall. It was not on the path but rather ££ a step or two ” to the right; another witness said it was 2 or 3 feet off the path. Plaintiff had used the path on 11 many ’ ’ occasions, both day and night. He further admitted that it was also used by £ £ everyone ’ ’ at camp.
At the time, there was no outside lighting of the path although there were facilities for lights at some distance from the tree in question. The record is not clear as to either the exact location of these lights or their distance from the point of plaintiff’s accident. Said lighting facilities were used on particular occasions when the campers had been away from camp and were returning at night or when “ strangers ” were on campus.
Plaintiff conceded, however, that the social hall itself was £ 1 well lighted ’ ’ within, and that the interior lights might£ £ shine to the outside through the windows ”. Defendants’ only witness testified that the 3 or 4 side windows and 2 front porch windows nearest the place of plaintiff’s encounter with the tree measured, respectively, 3 by 5 feet and 4 by 6 feet and were neither covered nor draped. In fact it was this witness’ testimony that, without *403 reference to any light emanating from the social hall windows, the average medium dark night at the camp still permitted one to see 12 to 15 feet ahead along the path in question.
Viewed in its most favorable light, this was plaintiff’s case. We think it fell far short of stating a cause of action in negligence as against defendants, and their motion to dismiss made at the end of plaintiff’s case should have been granted. The court, however, reserved decision on said motion and later denied it. This error was corrected by the Appellate Division’s reversal and dismissal of the complaint.
As the Appellate Division pointed out, no claim was made at any stage of the case that defendants failed to provide plaintiff with adequate supervision, but only that defendants . should have lighted plaintiff’s way. This being so, we turn to the basic proposition of tort law that no action will lie in negligence unless all of the following elements are present: (1) the existence of a duty on defendants’ part as to plaintiff; (2) a breach of this duty; (3) resultant injury to plaintiff, and (4) absence of contributory negligence on plaintiff’s own part.
The absence of the first element, duty, is immediately fatal to plaintiff’s cause of action. Specifically, it was basic to this action that plaintiff prove, as between himself and defendants, the existence of a duty to light the path in question at the time when the events above recited took place. But that duty can be found nowhere in this case.
First, there is clearly no applicable statutory duty as between a camp and camper, nor does plaintiff attempt to suggest otherwise (cf. Friedman v. Schindler's Prairie House, 250 N. Y. 574). Second, the rule is well settled at common law that there is no duty of an owner to light common ways absent some defective condition, unusual hazard or peculiar danger (Landes v. Barone, 307 N. Y. 867; Scully v. State of New York, 305 N. Y. 707; Hirschler v. Briarcliff Management Corp., 300 N. Y. 680; Boyce v. 228th & Carpenter Ave. Holding Co., 295 N. Y. 575; Owen v. Westchester Country Club, 289 N. Y. 819; Moran v. City of Troy, 258 App. Div. 1021, motion for leave to appeal denied 282 N. Y. 811; McCabe v. Mackay, 253 N. Y. 440; see, also, Reiss v. Reiss, 285 App. Div. 1090; Mulac v. Greentree Homes, 256 App. Div. 1107).
Certainly this path, wide enough for two persons abreast, was admitted to be such a ‘ ‘ common way ’ ’ when, according to plain *404 tiff, “ everyone ” at the camp traveled it between the social hall and the bunks. Furthermore, here — despite plaintiff’s arguments to the contrary — there is no evidence to support a finding that there existed any peculiar hazard, defect or danger — at most, only the presence of an ordinary pine tree several feet from a beaten path in a rustic summer camp.
Upon examining the cases cited above, we find no distinction with respect to the applicability of that common-law rule as among trespassers, visitors, invitees, licensors, tenants or guests. That plaintiff was a paying camper would thus seem to have no significant effect upon the rule of common law so as to turn the afore-mentioned tree into a peculiar danger, hazard or defect as to him — particularly under the circumstances that he was a mature lad, part way through high school, and had, by the middle of his second summer at defendants’ camp, traveled the path in question ‘ ‘ many times ’ ’, day and night, and had seen and noted the position of that pine tree on such prior occasions.
We are constrained to agree with the Appellate Division that there was no negligence here as a matter of law (Lobsenz v. Rubinstein, 283 N. Y. 600, affg. 258 App. Div. 164; Pope v. State of New York, 277 App. Div. 1157, affg. 198 Misc. 31, 35; see Gloshinsky v. Bergen Milk Transp. Corp., 279 N. Y. 54, 57-58). We have before us a simple camper-camp relationship and the rustic, outdoor camp life that is the very raison d’etre of summer establishments such as defendants’. There are certain risks incidental to camping, but these are part of an adventurous summer camp life, and are necessarily assumed by those who would participate therein much the same as where one who is sui juris voluntarily participates in games and sports generally (see Lobsenz v. Rubinstein, supra; Cambareri v. Board of Educ., 283 N. Y. 741, affg. 246 App. Div. 127, 129; Curcio v. City of New York, 275 N. Y. 20, 23-24; Murphy v. Steeplechase Amusement Co., 250 N. Y. 479, 482-483; Scala v. City of New York, 200 Misc. 475, 478-481; Pope v. State of New York, 198 Misc. 31, 35-37, supra-, Weitsen v. Camp Mooween, 163 Misc. 312, 314).
Indeed, it is expected that a camp will have trees, that paths will lead through woods and that woods will be dark at night. It is not to be anticipated that floodlights will be supplied for campers through woodland paths. One naturally assumes many ordinary risks when in the woods and in the country — trails are not smooth sidewalks, paths are not paved, trees, brush *405 and insects are to be expected, and even snakes may appear occasionally. These and more are all a part of accepted camp life.
To hold summer camps to a duty of floodlighting woods would not only impose upon them a condition almost impracticable under many circumstances — but would be unfair, as well, to the youth who seek the adventure, of living closer to nature, participating in outdoor astronomical study at night or bird study before dawn, or when overnight hikes take them for study and adventure far from any source of electrical power. Such a duty, in short, would frequently compel camps to keep boys confined after dark and thereby effectively spell the end of some of the most desirable activities o'f real camping life.
Nor is there any significance in the fact that there were lighting facilities in the vicinity which might have been turned on that night. These floodlights were sufficiently distant so as to overcome plaintiff’s claim that defendants must have recognized that the path in question — which was, even without them, admittedly illuminated in part by the lights emanating from within the social hall •—■ called for special illumination. Furthermore, if defendants had no duty to provide lights for this plaintiff under the circumstances, we do not see how they can be said to have been negligent because they had lights nearby.
In sum, then, no duty to illuminate the path was owed here as to plaintiff under the circumstances shown by his proof. Even though injury to plaintiff may be conceded, absent such duty, as we have said before, there can be no breach of duty, and without breach of duty there can be no liability (Williams v. State of New York, 308 N. Y. 548, 557). Thus both plaintiffs’ causes of action fall.
The judgment below should be affirmed, with costs.
Conway, Ch. J., Desmond, Dye, Fitld, Van Voorhis and Burke, JJ., concur.
Judgment affirmed.