Edward G. Baker, J.
The complaint herein contains two causes of action, one by an infant plaintiff to recover damages *433 for personal injuries sustained by her while attending a summer camp owned and operated by defendant, the other by her parent to recover for loss of services and medical expenses. At the time of the accident, the infant plaintiff, then 16 years of age, was participating with other campers in an athletic contest. The various activities were being supervised by counsellors. The infant plaintiff, a counsellor in training, was directed by her superiors to participate in a “ standing broad-jump. ’ ’ The contest required that she spring or jump from a standing position to a point as far as possible from the point of talce-off. She testified that she had never before participated in this particular activity and that she was instructed by the counsellors to fall forward after landing so as not to lose distance. Following these instructions, and in attempting to fall forward after jumping, the infant plaintiff sustained an injury to her left knee. This resulted in a weakness which, thereafter, was the competent producing cause of an injury which required an operation. The operation left a permanent scar. The contest was held in an open field. The surface consisted of grass and earth. No special preparation had been made of the place where the contest was held, such as spading or softening the landing-area. A teacher of physical education, called in behalf of plaintiff, testified that in schools it is the general custom to instruct the participants and to prepare the landing pits with sand. Plaintiff contends that, in these circumstances, defendant was negligent in failing to provide a suitable and safe place for the conduct of the activity, and in failing- to provide adequate, suitable and proper supervision and instruction. It must be borne in mind that this accident occurred at a summer camp. The proprietor was not an insurer of the safety of the campers. It had no duty to foresee and guard against every possible hazard that might attend participation by them in the usual and ordinary activities of camp life. It had no greater duty than to exercise reasonable care for their safety and, in the situation here, the measure of that duty is to be gauged by the standard of the average reasonable parent (Weitzen v. Camp Mooween, 163 Misc. 312, 314). There was no hazard or danger inherent in the activity in which the infant plaintiff was engaged; nor in the fact that the area had not been specially prepared to cushion her landing; nor does the proof establish that reasonable regard for the infant plaintiff’s safety required that she be given particular instruction in the ‘ ‘ art ’ ’ of jumping from one place to another. Judgment is directed for defendant dismissing the complaint. The above constitutes the court’s decision in accordance with section 440 of the Civil Practice Act.