Mario Pittoni, J.
Motion by defendant, Grand Union Company, to dismiss the complaint against it for failure to state a cause of action.
The plaintiff was injured in a parking lot of a shopping center in Flushing, New York. The initial injury was received when plaintiff’s car and a vehicle operated by the defendant Monaco were in collision, and the subsequent injury when the plaintiff got out of his car and was struck by the same vehicle. The defendant, Grand Union Co., operates one of the stores in the shopping area.
The complaint must be sustained if it states in some recognizable form a cause of action known to the law (Dulberg v. Mock, 1 N Y 2d 54, 56), or some facts which would entitle the plaintiff to recover under any aspect of the pleadings (Condon v. Associated Hosp. Serv., 287 N. Y 411, 414). For the purpose of this motion, the court must assume the truth of the facts alleged and accord the pleader all inferences that may be reasonably drawn therefrom (Howard Stores Corp. v. Pope, 1 N Y 2d 110, 114). Anyway, “ Pleadings must be liberally construed with a view to substantial justice between the parties ”. (Civ. Prac. Act, § 278.)
The pertinent provisions of the complaint allege that the defendant invited the plaintiff to park in the area, and that the defendant failed to properly supervise, manage and control the same and to provide an attendant for this purpose. The diffi *28 culty with the pleading is that it fails to allege that the defendant either owned, leased or operated the parking area. The complaint, moreover, totally fails to charge the defendant with the exercise or retention of any management or control of the lot in order to cast some duty on the defendant. In the absence of duty, there is no breach, and without a breach there is no liability (see Kimbar v. Estis, 1 N Y2d 399, 405). Thus, the complaint must be held insufficient. The motion is granted.