KARL KOSOK, an Infant, by ROSE W. OTTO, His Guardian ad Litem, et al., Respondents, v. YOUNG MEN'S CHRISTIAN ASSOCIATION OF GREATER NEW YORK, Appellant, and JOHN PETERSON et al., Respondents.

First Department, November 9, 1965.

*John Nielsen* of counsel (*Thomas O. Perrell* with him on the brief; *Perrell, Nielsen & Stephens,* attorneys), for appellant.

*Michael M. Matis* of counsel (*Winnie & Matis,* attorneys), for Karl Kosok and another, respondents.

*James M. McLaughlin, Jr.,* of counsel (*Terhune, Gibbons & Mulvehill,* attorneys), for Richard Jones, respondent.

STEUER, J. The defendant operated a Summer camp for boys in Orange County, New York. About 200 boys were accommodated at a time. The supervisory staff consisted of some 43 counsellors (33 being in attendance at any one time) who were in turn supervised by four unit directors. The camp was physically divided into units, each unit consisting of a group of cabins with accessory buildings. Each cabin accommodated seven boys and a counsellor. The boys were divided into age groups — there were two groups of younger boys, ranging up from 11 years, and two of older boys, ranging down from 15½. Each group occupied a unit.

The camp regulations provided for a rest period after the midday meal. For the younger boys this consisted of bed rest. For the older boys this was not required, sedentary activity being allowed. The cabin counsellor enforced the regulation. As far as the older boys were concerned, his presence in the cabin was neither essential nor required, and such counsellors frequently stayed on the cabin porch or elsewhere in the vicinity.

On August 15, 1957, an accident occurred during this rest period in Cabin 28, occupied by boys of the older group, all being about 15 years of age. One of these boys had a fishing rod. Some one or more of the boys passed the line attached to this rod over a rafter and tied a galvanized pail to the end of the line. The pail would be hoisted up toward the roof of the cabin. Any boy passing by would be called into the cabin and when he came under the spot where the pail was suspended, one of the boys let out the line and the pail would descend. When it struck the victim's head, the thin concave bottom of the pail would give forth a popping sound, which would startle or frighten the boy struck and amuse the perpetrators. This prank had been played on another boy some five minutes or so before the plaintiff, a younger boy, passed by. He was called

in. He was suspicious of some trick, but finally went into the cabin. The pail was lowered, struck him, and caused the injury complained of.

Plaintiff brought action against the defendant and two of the boys involved in playing the prank. The jury found in favor of the boys and against the defendant. The defendant cross-claimed against these boys, and those claims were dismissed by the court. The plaintiff sought recovery against the defendant on two grounds — improper supervision and a failure to provide proper medical care after the accident. The court had the jury specify whether the plaintiff was entitled to recover on either ground. The jury found for the plaintiff on the first ground and for the defendant on the second.

We fail to find any negligence on the part of the defendant. The only suggested negligence is an alleged failure to supervise the activities of the boys in Cabin 28. It is not claimed that any breach of duty resulted from a failure to provide protection to the plaintiff in his walk through the unit. Remembering that this is a Summer camp, it will be seen that constant supervision is not feasible (*Weinstein* v. *Tunis Lake Props.*, 15 Misc 2d 432, affd. *sub nom. Derwin* v. *Tunis Lake Props.*, 9 A D 2d 960). Nor is it desirable. One of the benefits of such an institution is to inculcate self-reliance in the campers which on overly protective supervision would destroy. Of course, the situation is different where very young children are involved (*Heim* v. *Mitchell-Harlee Camps*, 262 N. Y. 523). The standard of care is that of a reasonably prudent parent (*Hoose* v. *Drumm*, 281 N. Y. 54), and this naturally varies with the age of the child (see *Weitzen* v. *Camp Mooween*, 163 Misc. 312).

Here the sole charge of negligence is a failure to supervise the rest period of boys of high-school age for a short period. Assuming that the boys were reasonably quiet — and there is no indication that they were not — no occasion for looking in on them was presented. Even if the cabin counsellor had been within earshot of the cabin, it is difficult to see how the accident would have been prevented. Without such a showing, any failure in regard to supervision is not actionable (*Ohman* v. *Board of Educ. of City of N. Y.*, 300 N. Y. 306).

A certain amount of horseplay is almost always to be found in gatherings of young people, and is generally associated with children's camps. It is only to be discouraged when it becomes dangerous. Nothing in the incident itself or the surrounding circumstances indicates any notice to defendant that such was likely to result here.

Judgment should be reversed on the law and the facts and the complaint dismissed, with costs and disbursements.

Rabin, J. P., Stevens and Staley, JJ., concur.

Judgment unanimously reversed, on the law and on the facts, with $50 costs to the appellant, and the complaint dismissed.