■ Kenneth Cohen, Respondent, v City of New York et al., Respondents, and Parents Without Partners, Appellant.—In a negligence action to recover damages for personal injuries, the defendant Parents Without Partners appeals from an

order of the Supreme Court, Kings County (Duberstein, J.), dated July 14, 1986, which denied its cross motion for summary judgment dismissing the plaintiff's complaint insofar as it is asserted against it and any cross claims against it.

Ordered that the order is reversed, on the law, with costs payable by the plaintiff, the cross motion is granted, and the plaintiff's complaint insofar as it is asserted against the remaining defendants and any remaining cross claims are severed.

The plaintiff, on his way to a dance sponsored and run by the appellant, parked his car in a parking lot owned by the City of New York. Upon getting out of his car, the plaintiff fell on ice in the lot. The plaintiff's complaint alleges that the appellant was negligent in that, knowing of the icy condition of the lot, it did not close the lot, post signs or warnings of that condition or urge the city to correct the condition. The complaint further alleged that the appellant was responsible for the ownership, operation, maintenance and management and control of the lot, which was open to the public.

The appellant made a prima facie showing that it owed no duty to the plaintiff.

The plaintiff states in his complaint that the defendant city owned the lot. The affidavits of the appellant show that it had no connection with the lot's operation, maintenance, management and control. These assertions are supported by the testimony of the defendant city's parks department supervisor who said that snow and ice removal at the lot had been conducted by parks department employees (see, *Kimbar v Estis,* 1 NY2d 399, 403; *Hellyer v Law Capitol,* 124 AD2d 782; *Clayton v Monaco,* 24 Misc 2d 27).

Once a defendant has made a prima facie showing that the cause of action has no merit, as the appellant has done here, the burden shifts to plaintiff to lay bare whatever evidence it may have to show that issues of fact exist (*GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 965, 967).

The plaintiff's response on its face was totally inadequate to support a finding that questions of fact exist as to the existence of a duty owed to him by the appellant (see, *Zuckerman v City of New York,* 49 NY2d 557, 560). Brown, J. P., Lawrence, Eiber and Sullivan, JJ., concur.