OPINION OF THE COURT
Edward J. Greenfield, J.
In defining duties legally owed and liabilities to be imposed, courts are forever obliged to draw lines of inclusion and exclusion whose shape and direction are formed by logic, policy and history. Duties are owed to specifically defined and limited classes of people. Lines are drawn so that exposure is not open-ended, and liability does not flow to the world at large.
This challenge to the sufficiency of a complaint calls for such definition, and the drawing of judicial lines of demarcation. The question is what duties, if any, are owed by the owner or user of land to prevent the possible criminal use of his land or its structures which might cause harm to persons beyond his property.
The complaint in this case alleges that the infant plaintiff sustained serious psychological injuries as a result of being bound and gagged during an armed robbery in the apartment he occupied with his parents at 250 East 65th Street, a building owned by defendant Grace. It is plaintiff’s contention that the robbers gained access to the apartment by means of scaffolding erected by defendant Kalikow, which was doing construction work on the adjacent property in close proximity to plaintiff’s terrace. It is alleged the adjacent scaffolding afforded access to the neighboring building, endangering the safety of the tenants therein, and that the construction was not properly safeguarded. Kalikow cross-claimed against defendant Grace, contending it was the culpable party, and brought in its security agency, the Holmes Detective Bureau, as a third-party defendant.
Moving for summary judgment after examinations before trial were held, defendant Kalikow first argues that plaintiff has no proof that the robbers indeed gained access to his apartment by using the scaffolding erected in connection with the adjoining construction. However, on a motion for summary judgment, it is the movant who has the initial burden of *244 setting forth evidentiary facts sufficient to entitle that party to judgment as a matter of law (Zuckerman v City of New York, 49 NY2d 557). Kalikow’s allegation that there were alternative means by which the robbers could have entered the apartment does not establish, as a matter of law, that the scaffolding was not in fact the means of entry. A jury may infer the means by which the intruder gained entry from the circumstances, even though no direct proof is presented. (Sherman v Concourse Realty Corp., 47 AD2d 134, 137.)
However, Kalikow argues that even assuming the robbers could be shown to have entered plaintiff’s apartment by climbing its scaffolding to gain access to the terrace next door, as a matter of law there is no duty placed upon a landowner or his agent to protect persons from the criminal or negligent acts of others occurring away from the landowner’s premises (citing Waters v New York City Hous. Auth., 69 NY2d 225; Pulka v Edelman, 40 NY2d 781).
It is now well established that the owner of premises has a duty to take reasonable precautions to safeguard persons on his premises if he is on notice of the likelihood of criminal activity. (Nallan v Helmsley-Spear, Inc., 50 NY2d 507; Sherman v Concourse Realty Corp., supra.) The determinant in whether a duty is owed has hitherto been an existing relationship of the victim to the building — a tenant or a guest. While both the Waters and Pulka cases (supra) held that a landowner owed no duty to third persons or strangers unconnected to the property, it is the rationale behind such determinations that must be examined to ascertain whether the duty invariably ends at the property line, or whether such a duty can be deemed to extend, not to every passing stranger or to the public generally, but to a limited group of adjacent dwellers such as plaintiff in this action, to whom harm may foreseeably befall.
In the absence of a duty there is no breach, and without a breach there is no liability. (Kimbar v Estis, 1 NY2d 399, 405.) The oft repeated axiom by Judge Cardozo in Palsgraf v Long Is. R. R. Co. (248 NY 339, 344) that "[t]he risk reasonably to be perceived defines the duty to be obeyed” has at times resulted in confusing foreseeability with duty. It is no less important to note his corollary, that "risk imports relation”. (Supra, at 344.) It is clear that scope of duty is a secondary issue only to be addressed after a determination that there is duty. "Duty in negligence cases is defined neither by foreseeability * * * (Pulka v Edelman, supra, at p 785) nor by privity *245 of contract.” (Strauss v Belle Realty Co., 65 NY2d 399, 402.) It is foreseeability plus relationship which makes for liability.
Despite the contention of defendant Grace that the existence of a duty is a factual question solely within the province of the jury, it is in fact the responsibility of the courts to descry the orbit of duty through application of logic, science and policy. (De Angelis v Lutheran Med. Center, 58 NY2d 1053.) Thus, as a matter of policy the courts have consistently sought "to limit the legal consequences of wrongs to a controllable degree” (Tobin v Grossman, 24 NY2d 609, 619; see also, Howard v Lecher, 42 NY2d 109), and to protect against crushing exposure to liability (see, Moch Co. v Rensselaer Water Co., 247 NY 160; Ultramares Corp. v Touche, 255 NY 170; Pulka v Edelman, 40 NY2d 781, supra; Waters v New York City Hous. Auth., 69 NY2d 225, supra). In circumscribing the sphere of persons to whom a duty is to be found, the courts have declined to extend liability to an indeterminate class of persons (see, e.g., Ultramares Corp. v Touche, supra; Celebrity Studios v Civetta Excavating, 72 Misc 2d 1077) and have restricted the class to whom a duty is owned to a "known group possessed of vested rights, marked by a definable limit and made up of certain components”. (White v Guarente, 43 NY2d 356, 361; Credit Alliance v Andersen & Co., 65 NY2d 536; see also, Glanzer v Shepard, 233 NY 236; O’Connor v City of New York, 58 NY2d 184.)
Thus, where a landowner has no control over the acts of the primary wrongdoers or the condition occasioning the injury, and where to impose a duty would expose a landowner to virtually limitless liability, the courts have applied both logic and public policy in declining to declare a duty extending from the landowner for his acts or omissions to persons injured with whom he has no relationship. (Pulka v Edelman, supra; Waters v New York City Hous. Auth., supra.) Accordingly, a landowner’s duty does not embrace members of the public-at-large. (Waters v New York City Hous. Auth., supra.)
It is equally clear, however, that there may be a definable class of individuals to whom a landowner may owe a duty for harm resulting outside his property line as a result of a structure or other artificial condition which the landowner has created on his property. The Restatement recognizes that liability can exist for persons outside the premises. "A possessor of land is subject to liability to others outside of the land for physical harm caused by a structure or other artificial condition on the land, which the possessor realizes or should *246 realize will involve an unreasonable risk of harm”. (Restatement [Second] of Torts § 364 [1965].) It is well recognized, for example, that blasting done on one’s premises may give rise to liability some distance away, and certainly to injury caused to neighboring property. (Spano v Perini Corp., 25 NY2d 11, 15.) If an improperly constructed building collapsed and injured persons next door, is there any doubt that a duty to neighboring persons has been violated? The Pattern Jury Instructions recognize that "The * * * owner ***0f***a building * * * owes a duty to persons on * * * adjoining property * * * to exercise reasonable care to maintain the property in reasonably safe condition.” (PJI 2:110.) The Court of Appeals has declared: "A landowner has a duty to exercise reasonable care under the circumstances in maintaining its property in a safe condition (see Basso v Miller, 40 NY2d 233, 241). Defining the nature and scope of the duty and to whom the duty is owed requires consideration of the likelihood of injury to another from a dangerous condition or instrumentality on the property”. (Kush v City of Buffalo, 59 NY2d 26, 29-30.)
While plaintiff had no rights derived through contractual connection with defendant Kalikow as a tenant or otherwise, "the absence of privity does not foreclose recognition of a duty” (Strauss v Belle Realty Co., supra, at 402). The Court of Appeals in Basso v Miller (40 NY2d 233) abolished considerations of liability dependent on the status of the injured party, and announced a "single standard of reasonable care under the circumstances whereby foreseeability shall be a measure of liability.” (Supra, at 241.) Duty was not to vary with the status of the injured party. But does foreseeability invariably end at the property line? Not necessarily.
If, through the negligence of a landlord, a criminal gained access to a building, but harming no tenants therein instead went up to the roof and then climbed over the rooftops to attack a person several .buildings away, it could reasonably be said that the landlord’s connection with the victim was too attenuated, and the foreseeability too remote. Here, however, we are dealing with a structure directly proximate to a neighbor’s premises, allegedly making the neighbors vulnerable to attack. If a workman had negligently left an unsecured ladder on the construction site, which an intruder used to climb to an adjacent apartment, why should there be no liability? And scaffolding is as accessible to climbers as is a ladder, an open invitation to the nimble thief. We should be *247 prepared to acknowledge that he who invites strangers to ravage his neighbor’s land is not without guilt.
Defendant Kalikow, which erected the scaffolding, could have, either through design of the scaffolding or by securing the premises under construction from unauthorized access, prevented the easy accessibility to plaintiff’s terrace by which, it is alleged, entrance was gained to plaintiff’s apartment. This does not appear to be an overwhelming burden upon a builder who, in connection with construction of a building for his own economic gain, constructs scaffolding around the building in close proximity to neighboring balconies and terraces. Nor do those persons whose terraces are in close proximity to scaffolding on adjoining buildings constitute so broad a class that a finding of duty by defendant would create exposure to potentially crushing liability. Plaintiff, and those directly adjacent neighbors similarly situated are neither the "public at large” nor members of a "faceless unresolved class”. While the exact number of neighboring terraces is not indicated by either plaintiff or defendants, it would appear they are rather limited in number and readily identifiable.
Accordingly, the court declines at this time to hold as a matter of law that a landowner under the circumstances alleged has no duty to foresee that his negligence might facilitate possible criminal acts to be perpetrated against persons in directly adjoining premises. Propinquity is a measure of foreseeability. Defendant’s contention that it had no duty to plaintiff as a matter of law is rejected, and the motion by Kalikow for summary judgment is denied in all respects.