■ JAMES MCGRATH, as Father and Natural Guardian of JILL MCGRATH, an Infant, Respondent, v UNITED HOSPITAL et al., Appellants, and WESTCHESTER COUNTY et al., Respondents.— In a negligence action to recover damages for personal injuries, the defendants United Hospital and the Mayfair Organization of United Hospital separately appeal from an order of the Supreme Court, Westchester County (Wood, J.), entered May 3, 1989, which denied their respective motions for summary judgment dismissing the plaintiff's complaint and the cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, without costs or disbursements, the motions are granted, the plaintiff's complaint and cross claims are dismissed insofar as asserted against the appellants and the action against the remaining defendants is severed.

The infant Jill McGrath was injured while on a ride located at Rye Playland, an amusement park owned and operated by

the defendant Westchester County. On the date she was injured, the appellant Mayfair Organization of United Hospital, a fund-raising organization for the appellant hospital, sponsored an event at the park from which it received a portion of the proceeds from the sale of tickets for the rides. Jill's father, Jim McGrath, contends that the appellants, having invited the public to bring their children to the park for the event, were under a duty to supervise and control the operation of the rides. He further contends that the appellants were vicariously liable, as a joint venture had been created between the appellants and the defendant Westchester County.

We find that the court erred in denying the appellants' motions for summary judgment. The affidavits submitted by the appellants demonstrate that they had no connection with the operation, maintenance, management or control of the rides. These assertions were supported by the testimony of the defendant county's games manager and comptroller, both of whom indicated that the rides were manned and supervised by county employees. Accordingly, the appellants made a prima facie showing that they owed no duty to the plaintiff (see, Cohen v City of New York, 128 AD2d 748).

Once the appellants made a prima facie showing that the plaintiff's cause of action against them had no merit, the burden shifted to the plaintiff to set forth some evidence that a factual issue remained (GTF Mktg. v Colonial Aluminum Sales, 66 NY2d 965; Cohen v City of New York, supra). The plaintiff, however, did not dispute that the park was owned and controlled by the county and failed to offer facts to support his claim that the appellants supervised the rides or had the necessary expertise to do so. Given the fact that it was expressly stated in promotional literature and readily ascertainable that the event in question was merely for the benefit of a hospital, it would be unreasonable to impose a duty on the appellants to control, maintain, operate or manage the rides at the park, notwithstanding the plaintiff's subjective beliefs that the sponsors would do so (see, Vogel v West Mountain Corp., 97 AD2d 46).

The plaintiff's contention that a joint venture had been created between the appellants and the defendant county was not raised before the Supreme Court. In any event, assuming, without deciding, that the existence of a joint venture would create liability where none previously existed, we find that the plaintiff failed to allege sufficient facts to make out a prima facie showing that a joint venture was created (see, Mendelson

*v Feinman,* 143 AD2d 76). Sullivan, J. P., Harwood, Miller and O'Brien, JJ., concur.