OPINION OF THE COURT
Lorraine S. Miller, J.
Defendants Baisley Park Associates, Peter Perpignano and Triboro Management (collectively Baisley) and defendant Falcon Security Systems, Inc., sued herein as Falcon Security *437 Corp. (Falcon), move for an order pursuant to CPLR 3212 dismissing plaintiffs complaint. Falcon also cross-moves for a summary order dismissing codefendant Baisley’s counterclaim for indemnification and contribution.
On February 9, 1992, plaintiff was shot in the neck by an unidentified assailant while on his way to visit his girlfriend, a resident of an apartment building (Building) which is part of the Baisley Park complex in Queens County.
The shooting took place at about 9:30 p.m. on an outdoor walkway leading to the front entrance of the Building in the development. As a result of the incident, plaintiff was rendered quadriplegic. In the action underlying the instant motions, plaintiff has sued the entities that own and manage the apartment complex, as well as Falcon, the security services company retained by Baisley to patrol the complex, alleging that defendants breached their duty to take necessary precautions to protect him, as a legitimate visitor to the Building, from this crime, which he alleges was reasonably foreseeable. Defendants deny any duty to plaintiff; deny that the crime that injured him was reasonably foreseeable; and deny that they were the proximate cause of his injury.
A summary judgment "motion shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party.” (CPLR 3212 [b].) Summary judgment should not be granted if a triable issue of material fact exists and, on a summary motion, the court’s function is issue finding rather than issue determination (Super v Abdelazim, 108 AD2d 1040, 1042; Krupp v Aetna Life & Cas. Co., 103 AD2d 252, 261; Zuckerman v City of New York, 49 NY2d 557, 562; Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395).
"To establish a prima facie case of negligence, a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom.” (Solomon v City of New York, 66 NY2d 1026, 1027.) A landlord may have a duty to maintain minimal security measures to protect tenants and visitors from the likelihood of criminal intrusions and may be held liable to an individual whose injuries were proximately caused by the absence of adequate security (Miller v State of New York, 62 NY2d 506; Nallan v Helmsley-Spear, Inc., 50 NY2d 507). Plaintiff herein alleges that when he was shot by an unidenti *438 fled assailant he was within the scope of defendants’ duty to protect against criminal acts to visitors on its premises.
However, plaintiff is not within the class of protected individuals as his situation is analogous to that in Waters v New York City Hous. Auth. (69 NY2d 225, 230-231), where the Court of Appeals determined that the landowner had no relationship to the unidentified assailant or to the injured plaintiff, who had no association with the premises independent of the crime itself. In the absence of such a relationship and association, the Court refused to extend the landlord’s duty to "members of the public at large * * * who might be victimized by street predators” (supra, at 229) reasoning that the landlord lacked control over the actions of the wrongdoer who initially attacked the pedestrian and abducted her to the roof of an unlocked apartment building located on the landlord’s premises.
Similarly, the need to place " 'controllable limits’ on liability” (Waters v New York City Hous. Auth., 69 NY2d 225, 230, supra, citing Strauss v Belle Realty Co., 65 NY2d 399, 405) exists here since this plaintiff, a nonresident of the complex, later admitted to the police that at the time of the shooting he had begun doing business with a new supplier of "crack”; that he owed money to his former supplier; and that while he was aware of the possibility of the shooting being a "set-up,” he had discounted it. These admissions suggest that his injuries were proximately caused by the unforeseeable act of a third person, outside the landlord’s control, who was intent on harming plaintiff (Tarter v Schildkraut, 151 AD2d 414, lv denied 74 NY2d 616; Santiago v New York City Hous. Auth., 101 AD2d 735, affd 63 NY2d 761; Clayton v Monaco, 24 Misc 2d 27; Clark v City of Buffalo, 288 NY 62, 66). Accordingly, the landlord "should not be held legally responsible for the conduct of others merely because they are within [its] sight or environs” (Pulka v Edelman, 40 NY2d 781, 785).
This incident seemingly occurred in an area described as a "war zone”, plagued by drug trafficking, vandalism, robberies and rapes where the police are unsuccessfully fighting an uphill battle to curb criminal conduct. While a landlord has a nondelegable duty* to take minimal precautions to protect *439 tenants and legitimate visitors from reasonably foreseeable criminal acts (Tartar v Schildkraut, 151 AD2d 414, 415, supra; Miller v State of New York, 62 NY2d 506, 513, supra; Iannelli v Powers, 114 AD2d 157, 161, lv denied 68 NY2d 604), it would be unreasonable to impose a duty to safeguard one such as the plaintiff because to do so would "cast the defendants in the role of insurers of the safety, of the premises” (Tarter v Schildkraut, supra, at 415, citing Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 519, supra) for those engaged in criminal activities.
Since it was the plaintiff who set the chain of events in motion and the injuries were proximately caused by a criminal intruder, " 'it requires too much stretching of the imagination to hold the defendants] responsible’ ” (Waters v New York City Hous. Auth., 69 NY2d 225, supra, relying on Palsgraf v Long Is. R. R. Co., 248 NY 339, to determine that plaintiff was not within the zone of foreseeable harm). In the absence of a duty, there is no breach and without a breach there is no liability (Kimbar v Estis, 1 NY2d 399, 405). "[A]s a matter of policy the courts have consistently sought 'to limit the legal consequences of wrongs to a controllable degree’ * * * and to protect against crushing exposure to liability” (Russo v Grace Inst., 145 Misc 2d 242, 245, affd 153 AD2d 820). It would be unreasonable to impose liability upon defendants in the case herein where the facts conclusively show that defendants did not exercise control over the actions of the unidentified assailant. Thus, the court cannot reasonably subject defendants to liability for an unforeseeable criminal incident which was outside their control and stemmed from plaintiff’s own drug trafficking.
Defendant Baisley’s motion for summary judgment dismissing plaintiff’s complaint is granted and defendant Falcon’s cross motion is also granted.

 Baisley is liable for any alleged acts or omissions of its independent contractor, Falcon, as the duty to maintain minimum security measures is nondelegable (Russo v Watson, 249 App Div 782; Sciolaro v Asch, 198 NY 77).