■ Dora Vayser, Respondent, v Waldbaum, Inc., Respondent, Yellowstone Shopping Center Company, Appellant, et al., Defendant. [640 NYS2d 179]

The factual and procedural background of this case are set forth in Vayser v Waldbaum, Inc. (225 AD2d 761 [decided herewith]).

Although a motion to renew is generally based upon the discovery of material facts which were unknown to the movant at the time of the original motion (*see, Chiarella v Quitoni,* 178 AD2d 502), it is well settled that "[t]he requirement * * * is a flexible one, and a court, in its discretion, may grant renewal upon facts known to the moving party at the time of the original motion" (*Karlin v Bridges,* 172 AD2d 644, 645; CPLR 2221). Under the facts of this case, the Supreme Court properly exercised that discretion and considered the motion of Waldbaum, Inc., as one for leave to renew the prior motion.

In the absence of a duty, there is no breach and, without a breach, there is no liability (*see, Pulka v Edelman,* 40 NY2d 781, 782; *Kimbar v Estis,* 1 NY2d 399, 405). Here, "[t]he accident happened as a result of the driver's failure to control his vehicle. The premises 'merely furnished the condition or occasion for the occurrence of the event rather than [being] one of its causes' " (*Margolin v Friedman,* 43 NY2d 982, 983). There was no causal connection between the design or maintenance of the shopping center and the accident. Accordingly, Yellowstone Shopping Center Company is entitled to summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Balletta, J. P., Thompson, Pizzuto and Altman, JJ., concur.