Dora Vayser, Respondent, v Waldbaum, Inc., Appellant, Yellowstone Shopping Center Company, Respondent, et al., Defendant. [640 NYS2d 177]

The plaintiff was seriously injured when she was struck by a vehicle allegedly owned by the defendant Standard Tallow Corporation (hereinafter Standard) while she was in a parking

lot owned by the defendant Yellowstone Shopping Center Company (hereinafter Yellowstone) and adjacent to, among other stores, a supermarket owned by the appellant Waldbaum, Inc. (hereinafter Waldbaum). The driver of the vehicle failed to stop and has not been identified. Yellowstone is the owner of the shopping center. Waldbaum, which allegedly operated the parking lot, is a tenant of Yellowstone and had the nonexclusive use of the parking lot for loading, unloading, commercial parking, customer parking, and pedestrian traffic.

The plaintiff brought this negligence action against Standard, Yellowstone, and Waldbaum. All the defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court granted the motions of Standard and Waldbaum in an order dated October 24, 1994. The plaintiff then moved to renew and reargue that portion of the order which granted summary judgment in favor of Waldbaum. Yellowstone cross-moved for reargument of its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. By order dated January 30, 1995, the court granted renewal and reargument, and upon renewal and reargument, vacated the provisions of its October 24, 1994, order, which granted summary judgment in favor of Waldbaum, reinstated the complaint against Waldbaum, and granted the cross motion of Yellowstone for summary judgment based upon the submission of new deposition testimony. Waldbaum then moved to renew and reargue so much of the January 30, 1995, order as vacated the provision of the October 24, 1994, order which granted summary judgment in its favor. By order dated April 25, 1995, the court granted Waldbaum's motion for renewal and reargument based in part on additional evidence submitted by Waldbaum in the form of two letters. The Supreme Court modified the January 30, 1995, order only to the extent of vacating the provision thereof which granted summary judgment in favor of Yellowstone, and reinstated the complaint against Yellowstone.

On appeal, Waldbaum challenges so much of the January 30, 1995, order as vacated the provision of the October 24, 1994, order which granted summary judgment in its favor.

In the absence of a duty, there is no breach and without a breach there is no liability (see, Pulka v Edelman, 40 NY2d 781, 782; Kimbar v Estis, 1 NY2d 399, 405). Here, under the circumstances "the accident happened as a result of the driver's failure to control his vehicle. The premises 'merely furnished the condition or occasion for the occurrence of the

event rather than [being] one of its causes' " (*Margolin v Friedman,* 43 NY2d 982, 983).

The plaintiff's contention that Waldbaum's construction of a loading dock, which removed a part of the sidewalk and forced her to walk in the vehicular lanes of traffic was a proximate cause of her injury, is without merit. Although a sidewalk did not exist at the loading dock area and patrons were required to walk on the asphalt area utilized by motor vehicles, the plaintiff was not anywhere near the loading dock when she was hit, but in an area where she could have used the sidewalk. Instead, she opted to walk on the area used by vehicles. Accordingly, there is no basis for finding that the accident was caused by anything other than the loss of control of the unidentified vehicle.

Finally, the record contains insufficient information to determine the direction in which the truck was traveling before it struck the plaintiff, the direction in which it headed after the accident, its speed, the identity of the driver, or the company that owned the truck. Hence, the evidence is insufficient to raise a triable issue of fact that the truck was owned by Waldbaum. Balletta, J. P., Thompson, Pizzuto and Altman, JJ., concur.