KEVIN JOHNSON et al., Respondents, v MICHELIN TIRE CORP. et al., Appellants.

This action arises from an automobile accident that occurred on the Belt Parkway in Brooklyn on February 16, 1981, when a car driven by plaintiff Kevin Johnson mounted a median divider and struck an oncoming vehicle. In their complaint, plaintiffs allege that the accident was caused by the deflation of a defective right rear tire sold and distributed by defendant Michelin, and sold as original equipment on their automobile manufactured by defendant Ford Motor Company.

Contending that plaintiffs had switched tires, defendant submitted, *inter alia,* an affidavit of the investigating police officer which stated that the right rear tire was inflated subsequent to the accident and sought summary judgment on the ground that plaintiffs could not establish a satisfactory chain of custody for the tire. In opposition, plaintiff Gail Johnson and Kevin Johnson's mother stated that they observed the vehicle shortly after it was towed away and at that time the right rear tire was totally deflated and ripped apart. Special Term denied summary judgment. We affirm.

It is questionable whether the admissibility of real evidence may be tested by way of a motion for summary judgment (*cf. Phillips v Kantor & Co.,* 31 NY2d 307). Nevertheless, we conclude that a sufficient foundation has been laid. Unlike narcotics, blood or other such items, the tire in issue is composed of a substance which is relatively impervious to change and possesses identifiable characteristics so that it is admissible "merely on the basis of testimony that the item is the one in question and is in a substantially unchanged condition" (McCormick, Evidence § 212, at 667 [3d ed]). The weight to be given to plaintiffs' evidence on the question is a matter for the trier of fact to consider (*Hansen v Coca-Cola Bottling Co.,* 78 AD2d 848; *see, Langford v Chrysler Motors Corp.,* 513 F2d 1121; *Walker v Firestone Tire & Rubber Co.,* 412 F2d 60, 62).

Although many aspects of plaintiffs' version of the incident leave much to be desired, a court may not determine credibility on a motion for summary judgment (*Capelin Assoc. v Globe Mfg.*

*Corp.,* 34 NY2d 338, 341). The expert's affidavit submitted by defendant Michelin is not dispositive (*Coley v Michelin Tire Corp.,* 99 AD2d 795; PJI 2:141, 2:141.1 [1984 Supp]; *cf. Winegrad v New York Univ. Med. Center,* 64 NY2d 851). A products liability claim involving a defective tire is complex, generally does not warrant summary disposition, and a prima facie case can be established by circumstantial evidence (*Coley v Michelin Tire Corp., supra;* PJI 2:141, 2:141.1 [1984 Supp]; 51 ALR3d 8, 38, § 6). In short "there [is] a substantial issue of fact in the case on the issue of liability which requires a plenary trial" (*Barr v County of Albany,* 50 NY2d 247, 254). Titone, J. P., Bracken, Rubin and Lawrence, JJ., concur.