OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
By letter agreement dated March 5, 1981 plaintiff (GTF Marketing) agreed to supply defendant (Colonial Aluminum Sales) with the names, addresses and telephone numbers of homeowners in Queens, Nassau and Suffolk Counties interested in Colonial’s aluminum siding at a cost of $10 per "lead.” According to the agreement, GTF would mail out about 200,000 data processing cards containing "screening questions” asking the recipients whether they were planning to buy aluminum siding and other products within six months. In its verified complaint, GTF alleged that it had supplied 12,463 "leads,” and that Colonial had refused to pay the sum of $124,630 which was owing to GTF.
After joinder of issue, Colonial moved for summary judg *967 ment, contending that GTE was precluded based upon factual findings in two other cases in which GTE had sued other companies on similar contracts and lost. In support of its motion, Colonial submitted the affidavit of its president, Michael Longo, in which he discussed the other actions, and to which were annexed as exhibits copies of the oral decisions in those actions containing the allegedly preclusive factual findings. In his affidavit, Longo also swore that GTE had not supplied Colonial with any "leads” as required by the contract, and that "Colonial has received nothing which would entitle GTE to collect any money under the terms of the letter” agreement. In opposition, GTE submitted only the affidavit of its attorney purporting to set forth certain facts about the formation of the contract and reciting that "the issue of whether performance under or breach of the agreement has occurred is also a question of fact.” Special Term denied the motion, but a divided Appellate Division reversed. The majority held that GTE was barred by the doctrine of third-party issue preclusion and, further, that GTF’s papers in opposition were insufficient to raise a triable issue of fact. We conclude that, although collateral estoppel does not apply, the Appellate Division correctly dismissed the complaint due to the insufficiency of GTF’s affidavit in opposition to summary judgment.
Although the contracts in the prior actions and in this one are different, Colonial argues that the performance was the same, and that the trial judge necessarily found that GTE had fraudulently failed to send out any data processing cards. It is not clear from the decision, however, whether the trial court specifically and necessarily decided that issue, and third-party issue preclusion therefore does not lie (see, O’Connor v G & R Packing Co., 53 NY2d 278). Because the decision was delivered orally immediately following trial, it contains a number of observations, none of which can be said with certainty to be dispositive of the issue before us. It would have been highly desirable for the trial court to have issued an opinion containing findings, particularly since the court knew at the time of its decision that this action was pending.
The opposing affidavit was, however, insufficient. A defendant moving for summary judgment has the initial burden of coming forward with admissible evidence, such as affidavits by persons having knowledge of the facts, reciting the material facts and showing that the cause of action has no merit (CPLR 3212 [b]; Zuckerman v City of New York, 49 NY2d 557, 562). *968 However, once the moving party has satisfied this obligation, the burden shifts; "the party opposing the motion must demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action or tender an acceptable excuse for his failure so to do, and the submission of a hearsay affirmation by counsel alone does not satisfy this requirement” (Zuckerman v City of New York, 49 NY2d 557, 560, supra).
Here, Colonial satisfied its burden. Kongo’s affidavit stated that, although GTF had provided names of homeowners to Colonial, Kongo personally and Colonial in the ordinary course of its business determined that the names were useless and not "leads.” Some had never sent in data processing cards; others said they had been promised free gifts; many hung up, and others could not be called because GTF had not supplied telephone numbers. Kongo concluded that he "could not make any use of the purported 'leads’ supplied to us by GTF. They were just names, and definitely were not 'leads.’ ”
In the face of Kongo’s affidavit and allegations that GTF failed to perform, the affidavit of GTF’s counsel submitted in opposition was insufficient. The allegation that a question of fact exists as to performance under the agreement is plainly not made upon personal knowledge. As we have previously noted, an affidavit or affirmation of an attorney without personal knowledge of the facts cannot "supply the evidentiary showing necessary to successfully resist the motion” (Roche v Hearst Corp., 53 NY2d 767, 769). "Such an affirmation by counsel is without evidentiary value and thus unavailing” (Zuckerman v City of New York, 49 NY2d 557, 563, supra). Thus, on the papers submitted the uncontroverted fact is that GTF did not perform or provide Colonial with any "leads” under the agreement, and GTF’s claim that Colonial breached the agreement by failing to pay for the services rendered should therefore be dismissed.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur; Judge Titone taking no part.
Order affirmed, with costs, in a memorandum.