■ WILLIAM HALLIDAY et al., Respondents, v LONG ISLAND RAIL ROAD Co., Respondent, and TOWN OF ISLIP, Appellant. (And a Third-Party Action.)—In an action to recover damages for personal injuries, etc., the defendant Town of Islip appeals from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated April 5, 1985, as denied its cross motion for summary judgment dismissing the complaint insofar as it is asserted against it and a cross claim against it.

Order reversed insofar as appealed from, on the law, with costs payable by the plaintiffs-respondents, cross motion for summary judgment dismissing the complaint insofar as it is asserted against the Town of Islip and cross claim against that defendant granted, and the plaintiffs' action against the remaining defendant is severed.

This action was commenced against the Long Island Rail Road (hereinafter LIRR) and the Town of Islip to recover damages, *inter alia,* for personal injuries allegedly suffered by the infant plaintiff when he was struck by a train while fishing from a trestle over the Connetquot River within the borders of the town.

The plaintiffs moved for leave to serve an amended complaint and the town cross-moved for summary judgment dismissing the complaint insofar as it is asserted against it and a cross claim brought against it by the LIRR for indemnification and contribution. In support of the cross motion, the town proffered the answer of the LIRR to the complaint, in which it admitted ownership, operation and control of the train and trestle. In addition, the town submitted the testimony of its employee at an examination before trial to the effect that the town neither owned nor maintained the railroad line, the right-of-way, the trestle, the body of water, nor any adjacent lands.

In opposition to the cross motion, the plaintiffs merely submitted the hearsay affirmation of their attorney, which asserted in conclusory fashion that triable issues of fact existed. The LIRR did not appear in opposition to the motion.

Upon this record, the town's cross motion for summary judgment should have been granted in all respects. The town adduced sufficient evidence to eliminate any material issues of fact and to establish a prima facie showing that it was entitled to judgment as a matter of law *(see, Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853). That being the case, it was incumbent upon the plaintiffs to demonstrate, by admissible evidence, the existence of a triable factual issue, and the submission of a hearsay affirmation by counsel lacked evidentiary value and was legally insufficient to defeat the cross motion *(see, GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 965, 967-968; *Zuckerman v City of New York,* 49 NY2d 557, 560). Even if we assume, arguendo, that the town might be liable for negligent performance of its governmental function of providing protection to the public, rather than its proprietary function as landowner, the plaintiffs' failure to have offered evidence of a "special relationship" or "special duty" *(see, De Long v County of Erie,* 60 NY2d 296, 304) requires that summary judgment be granted. Bracken, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.