■ PORT REFINERY CO., INC., Appellant, v RALPH FIRMAN et al., Respondents.—In an action, inter alia, to recover damages for fraud, the plaintiff appeals (1) from an order of the

Supreme Court, Westchester County (Wood, J.), entered February 20, 1985, which granted the defendants' motion for summary judgment dismissing the complaint, and (2) as limited by its brief from so much of an order of the same court, entered June 13, 1985, as, upon renewal, adhered to its original determination.

Ordered that the appeal from the order entered February 20, 1985, is dismissed, without costs or disbursements. That order was superseded by the order entered June 13, 1985, made upon renewal.

Ordered that the order entered July 13, 1985, is modified, on the law, by deleting the provision granting that branch of the motion as sought summary judgment dismissing the first cause of action, and substituting therefor a provision denying that branch of the motion. As so modified, the order is affirmed, without costs or disbursements. The order entered February 20, 1985, is amended accordingly.

In March of 1984, the plaintiff, Port Refinery Co., Inc., contacted the defendant Alloychem, Inc., with respect to the sale of 4,600 pounds of selenium metal. According to the plaintiff, the defendant advised it that the current market price of selenium was approximately $3.70 per pound. After some negotiations, during which the defendants allegedly represented to the plaintiff that they had a purchaser for the selenium, the plaintiff agreed to sell the selenium to the defendant Alloychem for $4 per pound. The selenium was delivered to Alloychem, which then tendered a check to the plaintiff for $17,250. Shortly thereafter, however, the plaintiff learned that the market price for selenium had risen and was rising sharply, and was double the per pound price that it had received from the defendant Alloychem. The plaintiff consequently cashed the Alloychem check under protest, and commenced the instant action.

In its complaint, the plaintiff alleged, *inter alia,* that it had been defrauded by the defendants, who had intentionally deceived it with respect to the market price of selenium, to its injury. Alternatively, the plaintiff sought rescission of the contract on the ground of mutual mistake, and additionally sought punitive damages.

The defendants brought the instant motion for summary judgment asserting, *inter alia,* that the sale had been a simple, arm's length transaction between a buyer and a seller, as indicated by the purchase order and invoice, and that there were no issues of fact for trial. The plaintiff countered that

the sale had not been a simple one, but that the defendants had acted as its brokers in the transaction. The plaintiff further asserted that the broker relationship was customary in the trade, although it was not reflected in the documents of sale.

We agree with Special Term and find that summary judgment was properly granted as to the plaintiff's second and third causes of action, seeking, respectively, punitive damages and rescission. Plaintiff has failed to show any factual basis to support these causes of action. However, dismissal of the fraud cause of action was error. Issue-finding, and not issue-determination, is the focus of a motion for summary judgment *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404; *Krupp v Aetna Life & Cas. Co.,* 103 AD2d 252, 261). In this case, the parties disagree on basic facts relating to the nature of the transaction, for example, whether the sale was concluded at arm's length, or whether the defendants were acting as the plaintiff's brokers. The existence of these questions of fact precludes summary judgment on the fraud cause of action *(see, e.g., Magi Communications v Jac-Lu Assoc.,* 65 AD2d 727; *cf. Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338), and the defendants' motion must therefore be denied in part. Lazer, J. P., Mangano, Lawrence and Kooper, JJ., concur.