■ ANN HELLYER, Appellant, v LAW CAPITOL, INC., et al., Appellants, and MID-VALLEY MALL MERCHANTS ASSOCIATION, Respondent. (And a Third-Party Action.)

On a motion for summary judgment, the movant has the initial burden of coming forward with admissible evidence which makes a prima facie showing of entitlement to judgment as a matter of law *(see, GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 965, 967; *Zuckerman v City of New York,* 49 NY2d 557, 562).

In this case, the respondent submitted affidavits by individuals with personal knowledge of the facts and deposition testimony which made a prima facie showing that it was not at fault for the injury which the plaintiff allegedly received as a result of falling in a hole in the parking lot at the Mid-Valley Mall in Newburgh, New York, since it did not own, operate, maintain, manage or control any portion of that mall or its parking lot (see, Gilbert Props. v City of New York, 33 AD2d 175, 178, affd 27 NY2d 594). The burden was thus shifted to the plaintiff to present evidence in admissible form to establish the arguable existence of a triable issue of fact or to tender an acceptable excuse for her failure to do so (see, GTF Mktg. v Colonial Aluminum Sales, supra, at p 968). The affirmations submitted in opposition were "without evidentiary value and thus unavailing" (Zuckerman v City of New York, 49 NY2d 557, 563, supra). The deposition testimony of Robert Thorne, a maintenance supervisor at the Mid-Valley Mall, and former employee of Law Capitol, Inc., failed to establish anything more than a "shadowy semblance" of a triable issue of fact which was insufficient to defeat the motion for summary judgment (Capelin Assoc. v Globe Mfg. Corp., 34 NY2d 338, 341). Since the plaintiff (joined by Law Capitol, Inc. and Newburgh Mid-Valley Associates) failed to establish the arguable existence of any triable issue of fact, and did not tender any excuse for her failure to do so, summary judgment was properly granted to the respondent. Mollen, P. J., Brown, Weinstein and Rubin, JJ., concur.