■ JUAN GONZALEZ et al, Appellants, v SIFREDO LEBRON et al., Respondents.—In an action, *inter alia,* for specific performance of a contract for the sale of real property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hurowitz, J.), dated October 10, 1985, as denied their motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

In support of their motion for summary judgment, the plaintiff purchasers submitted proof in evidentiary form of the contract and its terms, their readiness, willingness and ability to perform on the law day and the defendant sellers' refusal to convey title pursuant to the contract. Thus, the plaintiffs sustained their burden by making a prima facie showing of entitlement to judgment as a matter of law (see, *GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 965, 967; *Zuckerman v City of New York,* 49 NY2d 557, 560; *Hellyer v Law Capitol,* 124 AD2d 782; *Kypreos v Spiridellis,* 124 AD2d 786), and the burden shifted to the defendants to "demonstrate by admissible evidence the existence of a factual issue requiring a trial

of the action" *(Zuckerman v City of New York, supra,* at p 560; *Kypreos v Spiridellis, supra).* The defendants proffered evidence in the form of their own affidavits, made upon personal knowledge, demonstrating the arguable existence of triable issues of fact relating to the validity of the contract. Although the plaintiffs contend that those allegations are unworthy of belief, a court may not resolve questions of credibility on a motion for summary judgment *(see, Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338, 341; *Johnson v Michelin Tire Corp.,* 110 AD2d 824). "Issue-finding, and not issue-determination, is the focus of a motion for summary judgment" *(Port Refinery Co. v Firman,* 123 AD2d 752, 754). Here, the defendants made a sufficient showing to defeat the motion for summary judgment and, therefore, the motion was properly denied. Bracken, J. P., Lawrence, Eiber and Spatt, JJ., concur.