■ MARION P. NEIMAN, Respondent, v CITY OF NEW YORK, Appellant.—In an action to recover damages for the alleged wrongful foreclosure of a tax lien on real property, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Duberstein, J.), dated April 14, 1986, as denied its motion for summary judgment.

Ordered that the order is reversed, insofar as appealed from, on the law, with costs, the defendant's motion for summary judgment is granted, and the complaint is dismissed.

On the motion, the defendant made out a prima facie showing that it was vested with title pursuant to an in rem judgment of foreclosure taken on the plaintiff's default which extinguished the plaintiff's rights *(see, Matter of Lewis v Schwartz,* 119 AD2d 116, 123; *see also,* Administrative Code of City of New York former § D17-12.0). It was error to have denied the defendant's motion where the plaintiff failed to submit written opposition to the motion, the court relying solely on oral argument *(see, Shepard Oil Co. v Ryan,* 62 AD2d 1074). The burden of proof had shifted to plaintiff *(Gonzalez v Lebron,* 126 AD2d 700), and it was incumbent upon her to demonstrate by proper proof that the defendant owed her some duty *(see, GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 965, 968).

A review of the record does not establish any duty owed to the plaintiff by the defendant *(see, Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110). Even had there been some appropriate proof to make out a question of fact that some duty was owed, the plaintiff's demand for punitive

damages should have been stricken *(see, Sharapata v Town of Islip,* 56 NY2d 332, 338).

The plaintiff's other claims, raised for the first time on appeal, have not been considered *(see, Martin Mechanical Corp. v Corbin Constr. Co.,* 132 AD2d 688). Kunzeman, J. P., Kooper, Spatt and Sullivan, JJ., concur.