■ DANIEL F. PRIMEAU, IV, et al., Respondents, v NATIONWIDE INSURANCE COMPANY, Appellant. (Appeal No. 2.)—Judgment unanimously reversed on the law without costs and motion denied. Memorandum: The proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, by "tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Center*, 64 NY2d 851, 853; *see also, GTF Mktg. v Colonial Aluminum Sales*, 66 NY2d 965). If the moving party fails to make such a showing, the motion must be denied, "regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Center, supra*, at 853).

Upon our review of the record, we conclude that plaintiffs failed to submit proof in admissible form of the value of their loss and, consequently, that Supreme Court erred by granting plaintiffs' motion for summary judgment. (Appeal from judgment of Supreme Court, Erie County, McGowan, J.—summary judgment.) Present—Callahan, J. P., Doerr, Denman, Green and Balio, JJ.

■ In the Matter of WILLIE D., a Person Alleged to be a Juvenile Delinquent.—Order unanimously reversed on the law and matter remitted to Monroe County Family Court for further proceedings, in accordance with the following memorandum: Family Court erred by failing to hold a hearing on respondent's motion to suppress evidence. Family Court did not deny respondent's motion on either of the two grounds specified in CPL 710.60 (3) but, rather, resolved factual issues against respondent based upon the motion papers and argument of counsel. That was error. Although respondent entered an admission, the denial of his suppression motion is preserved for review (Family Ct Act § 330.2 [6]). (Appeal from order of Monroe County Family Court, Sciolino, J.—juvenile delinquency.) Present—Callahan, J. P., Doerr, Denman, Green and Balio, JJ.