■ TIMOTHY SHOWELL, Appellant, v WHITE ROCK PRODUCTS CORPORATION, Defendant, and COCA COLA BOTTLING COMPANY OF CHARLOTTE, N.C., INC., et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Graci, J.), dated July 6, 1990, which granted the respondents' motion for summary judgment dismissing the complaint, and severed the action against the defendant White Rock Products Corporation.

Ordered that the order is affirmed, with costs.

On July 13, 1981, the plaintiff allegedly sustained severe eye damage when he opened a seven-ounce bottle of ginger ale, which was allegedly bottled by the respondents.

After the plaintiff brought this action against both the respondents and White Rock Products Corporation (hereinafter White Rock), the respondents moved for summary judgment on the grounds that the Supreme Court lacked personal jurisdiction over them and that they had not bottled the bottle in question, which the plaintiff's sister had purchased while aboard a New York-bound Amtrak train.

In support of its motion, the respondents submitted deposition testimony of White Rock's president, who testified that White Rock, a New York corporation, conducted business with them through franchise agreements, all negotiated in North Carolina, whereby White Rock would ship its product to North Carolina and, subsequently, the respondents would finish the product, bottle it, and distribute it locally. In further support of its motion, the respondents' property accounting manager, who had previously been an office manager and controller with one of the three respondents since as early as 1959, submitted an affidavit, which stated: (1) the three respondents, all North Carolina companies, had been consolidated into the Coca Cola Bottling Company, a corporation which had been incorporated in Delaware, (2) between 1965 and 1972, all franchise agreement negotiations between White Rock and the respondents, as well as all receipt of products pursuant thereto, occurred in North Carolina, (3) up until 1972, the respondents distributed their products only in the lower Piedmont region of North Carolina and never sold any of their products to Amtrak, (4) since 1973, the respondents had not bottled White Rock products, (5) the respondents did not maintain offices, bank accounts, or a telephone listing in New York, nor had they ever conducted business in or contracted to supply any of their products in New York, and (6) the bottle cap produced by the plaintiff during discovery, bearing the names of the three respondents, lacked a numerical code normally present on caps manufactured for their products.

In opposition to the motion, the plaintiff submitted his attorney's affirmation, supplemented with a photograph of the purported bottle cap and the deposition testimony of the plaintiff's sister explaining the presence of the bottle in New York.

The Supreme Court determined that the respondents had adequately demonstrated lack of personal jurisdiction. We agree.

Clearly, the papers submitted in support of the summary judgment motion establish a prima facie showing of a lack of a basis for the exercise of personal jurisdiction by the courts of this State over the respondents *(see, Hellyer v Law Capitol,* 124 AD2d 782; *see also, GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 965, 967; *Zuckerman v City of New York,* 49 NY2d 557, 562)*, pursuant to either CPLR 302 (a) (1) *(see, Finesurgic Inc. v Davis,* 148 AD2d 414, 415; *Cooperstein v Pan-Oceanic Mar.,* 124 AD2d 632), or CPLR 302 (a) (3) *(see, World-*

*Wide Volkswagen Corp. v Woodson,* 444 US 286, 297; *Martinez v American Std.,* 91 AD2d 652, *affd* 60 NY2d 873).

Moreover, the Supreme Court properly determined that the plaintiff was not denied the opportunity to adduce additional existing relevant facts *(see,* CPLR 3212 [f]; *Hecht v Vanderbilt Assocs.,* 141 AD2d 696, 700; *Kennerly v Campbell Chain Co.,* 133 AD2d 669, 671). Accordingly, since the plaintiff neither established a triable issue of fact with respect to a basis for the exercise of personal jurisdiction over the respondents, nor tendered an acceptable excuse for not doing so *(see, GTF Mktg. v Colonial Aluminum Sales, supra; Zuckerman v City of New York, supra),* summary judgment was properly granted to the respondents. Thompson, J. P., Eiber, Copertino and Pizzuto, JJ., concur.