■ MARIAN BREITFELD, Individually and as Executor of LAW-RENCE BREITFELD, Deceased, et al., Plaintiffs, v ASHOK AGRAWAL, Doing Business as ASHLEY CONSTRUCTION, et al., Defendants and Third-Party Plaintiffs-Respondents. NORTH SHORE CRANE SERVICE, INC., et al., Third-Party Defendants-Appellants, et al., Third-Party Defendant. (And a Second Third-Party Action.) [676 NYS2d 496] —In an action to recover damages for personal injuries, etc., the third-party defendants North Shore Crane Service, Inc., and Tufano Asphalt Paving Company, Inc., separately appeal, as limited by their briefs, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated October 15, 1997, as denied their respective motions for summary judgment dismissing the third-party complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the motions are granted, the third-party complaint is dismissed insofar as asserted against the appellants, and the third-party action against the remaining third-party defendant is severed.

The appellants met their initial burden of coming forward with admissible evidence reciting the material facts and showing that the third-party complaint has no merit insofar as asserted against them (*see, GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 965). However, in response, the third-party plaintiffs have not met their burden of demonstrating, by admissible evidence, that there exists a factual issue requiring a trial of the action as to the appellants and have not presented an acceptable excuse for their failure to do so (*see, Zuckerman v City of New York,* 49 NY2d 557). The Supreme Court therefore erred when it denied the appellants' respective motions for summary judgment. Bracken, J. P., Thompson, Sullivan and Pizzuto, JJ., concur.