■ STATE FARM FIRE & CASUALTY COMPANY, as Subrogee of Eric Lerner and Another, Respondent, v WHISTLE CLEAN BY WARREN SERVICES, INC., Appellant. [850 NYS2d 564]—

In a subrogation action to recover damages for injury to property, the defendant appeals from an order of the Supreme Court, Nassau County (Parga, J.), dated April 3, 2007, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The home of Eric Lerner and Linda Lerner was damaged by a basement flood. The Lerners contacted their property insurer, the plaintiff State Farm Fire & Casualty Company (hereinafter State Farm), which offered to send one of its approved vendors to the Lerners' home to remove the water and debris. The Lerners opted instead to employ the defendant to remove standing water and ceiling tile debris from their basement. The defendant responded to the Lerner residence and removed all standing water and ceiling tile debris using a wet vacuum and mop. When the Lerners' home was inspected by a State Farm representative approximately one week later, it was determined that the basement was contaminated by mold and mildew growth, which caused the Lerners to expend additional sums for remediation. The Lerners filed an insurance claim with State Farm, which paid the claim and then sought to recover the amount of the claim from the defendant, alleging, inter alia, that the defendant failed to take certain measures, such as the use of dehumidification equipment and other drying materials, to prevent the growth of mold and mildew in the Lerners' basement.

The defendant established its entitlement to summary judgment by adducing sworn deposition testimony from its owner and an affidavit from Linda Lerner establishing that the Lerners hired the defendant for the sole purpose of removing the standing water and ceiling tile debris from their basement, and never contracted with the defendant for the performance of additional services required to prevent mold and mildew formation (*see generally GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 965, 967 [1985]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

In opposition to the defendant's prima facie showing, State Farm failed to raise a triable issue of fact. The sole evidence proffered by State Farm consisted of an affidavit from an expert industrial hygienist, who stated, among other things, that the defendant failed to utilize the proper equipment and materials, consistent with the industry standards for emergency flood services, to prevent the formation of mold in the Lerners' basement. However, the expert affidavit failed to raise a triable issue of fact because it did not demonstrate that the defendant was retained by the Lerners to prevent the development of mold in their home, or for any action other than the removal of standing water and tile debris. Moreover, the agreement between the Lerners and the defendant did not create a relationship for which the defendant owed a duty to the Lerners separate from its contractual obligation (*see New York Univ. v Continental Ins. Co.,* 87 NY2d 308, 316-318 [1995]; *Logan v Empire Blue Cross & Blue Shield,* 275 AD2d 187, 193 [2000]). Accordingly, the defendant's motion for summary judgment should have been granted. Santucci, J.P., Lifson, Covello and McCarthy, JJ., concur.