Saunders v J.P.Z. Realty, LLC (2019 NY Slip Op 06573)





Saunders v J.P.Z. Realty, LLC


2019 NY Slip Op 06573


Decided on September 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 17, 2019

Sweeny, J.P., Renwick, Webber, Oing, JJ.


9742 302306/09

[*1]David Saunders, Plaintiff-Appellant,
v
J.P.Z. Realty, LLC, et al., Defendants-Respondents, The Trustees of Columbia University in the City of New York, Defendant.


Monaco & Monaco, LLP, Brooklyn (Frank A. Delle Donne of counsel), for appellant.
Malapero Prisco & Klauber, LLP, New York (Michael Driscoll of counsel), for J.P.Z. Realty, LLC, respondent.
Gottlieb Siegel & Schwartz, LLP, New York (Lauren M. Solari of counsel), for Warren Elevator Service Company, Inc., respondent.



Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered on or about March 27, 2018, which denied plaintiff's motion for summary judgment on the issue of liability, and granted defendants Warren Elevator Service Company, Inc.'s (Warren) and J.P.Z. Realty, LLC's (JPZ) motions for summary judgment dismissing the complaint and cross claims against them, unanimously modified, on the law, to the extent of denying defendant JPZ's motion for summary judgment, and otherwise affirmed, without costs.
Plaintiff was allegedly injured when the interior vertical rise gate of a manually operated freight elevator fell on his head because of a broken chain or master link.
Defendant Warren, which was retained by building owner JPZ and/or nonparty Despatch Moving & Storage Co., Inc., plaintiff's employer, to inspect and repair the elevator, did not owe a duty of care to plaintiff. It did not have a written contract with JPZ or Despatch, and thus did not undertake a "comprehensive and exclusive" maintenance obligation that "entirely displaced" JPZ's maintenance duties as owner of the building (see Espinal v Melville Snow Contrs. , 98 NY2d 136, 140 [2002], quoting Palka v Servicemaster Mgt. Servs. Corp. , 83 NY2d 579, 588 [1994]). However, summary judgment should not have been granted to JPZ. "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez v Prospect Hosp. , 68 NY2d 320, 324 [1986]). Failure to meet this burden requires denial of the motion (id.; Winegrad v New York Univ. Med. Ctr. , 64 NY2d 851, 853 [1985]). In this regard, CPLR 3212(b) provides that a summary judgment motion "shall be supported by affidavit" of a person "having knowledge of the facts" as well as other admissible evidence (see GTF Mktg. v Colonial Aluminum Sales , 66 NY2d 965, 967 [1985]). A conclusory affidavit or an affidavit by an individual without personal knowledge of the facts does not establish the proponent's prima facie burden (see e.g. Vermette v Kenworth Truck Co. , 68 NY2d 714 [1986]).
The deposition and affidavit of Peter Zuhusky, co-president of defendant JPZ, was insufficient to meet defendant's burden. Mr. Zukusky did not know if defendant Warren had an agreement for repairs to the elevator with JPZ. He was unsure who paid Warren for service calls, and he did not know whether the interior gate in question was ever inspected. Since he did not [*2]have personal knowledge of the facts as required by CPLR 3212(b), JPZ did not meet its burden and its motion for summary judgment should have been denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 17, 2019
CLERK