## CAC Atl. LLC v Sandler-Sims

2024 NY Slip Op 32399(U)

July 10, 2024

Supreme Court, New York County

Docket Number: Index No. 150166/2022

Judge: Leslie A. Stroth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. LESLIE A. STROTH</u>      PART      **12M**

*Justice*

------------------------------------------------------------------X

CAC ATLANTIC LLC

                     Plaintiff,

            - v -

EMILIE S. SANDLER-SIMS,

                   Defendant.

------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150166/2022 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 35, 36, 37, 38, 40, 41, 42, 43

were read on this motion to/for           EXTEND – TIME         .

Plaintiff commenced this breach of contract action for monetary damages arising from lease agreement dated April 18, 2018 at 241 Atlantic Avenue, Apartment 8A, Brooklyn, New York, owned by plaintiff as the landlord and leased to defendant from July 1, 2018 through June 30, 2019, and renewed from July 1, 2019 through June 30, 2020. Plaintiff claims that defendant vacated the premises after March 2020, with three months remaining, and that the amount of $11,000.00 in rental arrears is outstanding for May and June of 2020.

This Court by Order dated July 26, 2023 denied plaintiff's motion for default judgment, with leave to renew upon proof of its compliance with CPLR 3012(b), finding that the stipulation signed by defendant's counsel extending the time to answer or appear constitutes an appearance in this matter (doc 34). "Thus, counsel's appearance for defendant triggered plaintiff's obligation to serve the complaint within the time set forth in CPLR 3012(b)" (Id, p 3). However, plaintiff waited until August 2022 to serve the complaint, beyond the 20-day period under CPLR 3012(b), without offering a reason for the delay or moving for an extension of time to comply (Id). In

150166/2022   CAC ATLANTIC LLC vs. SANDLER-SIMS, EMILIE S.
Motion No. 004

Page 1 of 6

addition, the Court denied summary judgment, "as defendant's service of an answer to the petition in May 2022, four months before the complaint was served, was premature" (Id).

Plaintiff CAC Atlantic LLC now moves here for the following: (i) pursuant to CPLR 3012(d) and CPLR 2004, retroactively extending plaintiff's time to serve its complaint (e-filed on August 8, 2022, doc 27); (2) in extending the time to serve its complaint, deeming the complaint, timely filed and having been served nunc pro tunc; and (3) declaring that defendant Emilie S. Sandler-Sims' time to answer to the complaint has expired.

Alternatively, plaintiff seeks the following: (4) declare defendant's answer (doc 21) be deemed an answer to its complaint; (5) to the extent that defendant is deemed not to have answered, pursuant to CPLR 3215, entering a default judgment against defendant; and (6) to the extent defendant's answer is deemed an answer, pursuant to CPLR 3212, granting plaintiff summary judgment against defendant and entering a monetary judgment in the amount of $16,749.90 together with pre-judgment interest from April 1, 2020, the date defendant allegedly incurred the ongoing bike storage rent. Although the complaint was filed on August 8, 2022, defendant failed to answer.

Plaintiff argues that it established a reasonable excuse under CPLR 3012(d) for the untimely service of its complaint under CPLR 3012(b) as a result of the parties' stipulation and settlement discussions. In addition, plaintiff provides that defendant will not be prejudiced if the complaint was deemed timely served since it filed an answer and that it established its entitlement to relief based on the breach of the lease. Plaintiff also argues that defendant owes late fees of $827.25 for failing to pay rent over the last three months, bike storage fees of 45.00 for three months, and an NSF Fee of $75.00, leaving a total balance of 11,947.25. Further,

**150166/2022   CAC ATLANTIC LLC vs. SANDLER-SIMS, EMILIE S.**
**Motion No. 004**

Page 2 of 6

2 of 6

[* 2]

plaintiff maintains entitlement to attorneys' fees, costs, and expenses under the lease, paragraph 53, in the amount of $4,802.65.[1]

Defendant filed a cross-motion seeking an order permitting service and filing of a late answer, pursuant to CPLR 3025(b)[2] and CPLR 2004, and provided opposition to plaintiff's motion for default judgment. Defendant argued, *inter alia*, that an answer was filed on May 16, 2022 and August 9, 2022 and that it was not served with a complaint, and that the delay was caused by a mutual mistake between the parties. Defendant also stated in the Affirmation in Support that, "It is respectfully submitted that the equities require that both the complaint and the answer should be deemed served and filed nunc pro tunc and it would be exceedingly prejudicial to allow the complaint to be filed retroactively but not also the answer" (doc 41, para 9).

\* \* \*

Under CPLR 2004, "[T]he court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed." Pursuant to CPLR 3012(d), "Upon the application of a party, the court may extend the time to appear or plead, or compel the acceptance of a pleading untimely served, upon such terms as may be just and upon a showing of reasonable excuse for delay or default."

"CPLR 3012(d) provides that a court has the discretionary power to extend the time to plead, or to compel acceptance of an untimely pleading upon such terms as may be just, provided that there is a showing of a reasonable excuse for the delay. The following factors must ... be considered and balanced in determining whether a CPLR 3012(d) ruling constitutes an abuse of

---

[1] Plaintiff also argues that defendant failed to respond to its Request for Admissions, resulting in the deeming of admission of each item demanded (See CPLR 3123(a)).

[2] The Court notes that CPLR 3025(b) pertains to amendments and supplemental pleadings by leave.

**150166/2022  CAC ATLANTIC LLC vs. SANDLER-SIMS, EMILIE S.**
**Motion No. 004**

Page 3 of 6

3 of 6

discretion. Those factors include the length of the delay, the excuse offered, the extent to which the delay was willful, the possibility of prejudice to adverse parties, and the potential merits of any defense" (*U.S. Bank Nat'l Ass'n v. Barker Project LLC*, 220 A.D.3d 588 (1st Dept 2023)).

Considering the procedural history, the parties stipulation, and settlement discussions, the Court is denying plaintiff's motion for default judgment, and deeming both plaintiff's complaint, filed on August 8, 2022, timely filed and served nunc pro tunc, and defendant's answer, filed on May 16, 2022, timely filed and served nunc pro tunc.

As to plaintiff's motion for summary judgment, it is a well-established principle that the "function of summary judgment is issue finding, not issue determination" (*Assaf v Ropog Cab Corp.*, 153 AD2d 520 (1st Dept 1989), quoting *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395 (1957)). As such, the proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issue of fact and the right to entitlement to judgment as a matter of law (*See Alvarez v Prospect Hospital*, 68 NY2d 320 (1986); *see also Winegrad v New York University Medical Center*, 64 NY2d 851 (1985)). "Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*Alvarez v Prospect Hosp.*, 68 NY2d 320 (1986); citing *Zuckerman v City of New York*, 49 NY2d 557 (1980)).

Here, defendant failed to oppose plaintiff's motion for summary judgment. A copy of the lease agreements dated April 18, 2018 and May 29, 2019 displayed a monthly rent of $5,500.00 (doc 2). The agreements also provided, "In the event that, in connection with any default, request, action or inaction by Tenant with regard to any of the terms, covenants or conditions of

**150166/2022 CAC ATLANTIC LLC vs. SANDLER-SIMS, EMILIE S.**
**Motion No. 004**

Page 4 of 6

4 of 6

this Lease, Landlord makes any expenditure or incurs any obligation for the payment of money including, but not limited to, attorneys' fees, costs and expenses" (Id, para 53).

According to the affirmation by Alex Adjmi, "The Defendant vacated the Apartment in April 2020, two months early, though the Lease ended on June 30, 2020. Defendant never paid rent for the final two months (May and June of 2020), and she did not pay for her bike storage fees for April, May, and June of 2020... Plaintiff is therefore entitled to judgment against Defendant in the total amount of $16,749.90 representing the balanced owed to Plaintiff of $11,947.25 plus reimbursement of legal fees in the amount of $4,802.65". A ledger was submitted demonstrating a grand total of $11,947.25 (doc 8).

Defendant failed to provide any affidavit to create a material issue of fact (*See GTF Marketing Inc. v Colonial Aluminum Sales. Inc.*, 66 NY2d 965 (1985) ("As we have previously noted, an affidavit or affirmation of an attorney without personal knowledge of the facts cannot 'supply the evidentiary showing necessary to successfully resist the motion."). Thus, plaintiff's motion for summary judgment is granted.

\* \* \*

According, it is hereby

ORDERED, that plaintiff's motion for default judgment is denied and that the Court deems plaintiff's complaint, filed on August 8, 2022, as timely filed and served nunc pro tunc, and deems defendant's answer, filed on May 16, 2022, as timely filed and served nunc pro tunc; and it is further

**150166/2022   CAC ATLANTIC LLC vs. SANDLER-SIMS, EMILIE S.**
**Motion No. 004**

Page 5 of 6

5 of 6

ORDERED, that plaintiff's motion for summary judgment is granted and judgment is enforced in the amount of $11,947.25, plus attorneys' fees in the amount of $2,658.85, as provided in the invoice (doc 31)[3]; and it is further

ORDERED, that the County Clerk is directed to enter judgment; and it is further

ORDERED, that plaintiff shall serve a copy of this order upon defendant and the County Clerk within seven days.

The foregoing constitutes the Decision and Order of the Court.

Dated: July 10, 2024

ENTER:

HON. LESLIE A. STROTH
J.S.C.

**Check One:** ☒ **Case Disposed** ☐ **Non-Final Disposition**

**Check if Appropriate:** ☐ **Other (Specify** _____ **)**

[3] Plaintiff failed to provide proof of the difference of its request for $4,802.65 and $2,658.85 or entitlement to pre-judgment interest.

150166/2022 CAC ATLANTIC LLC vs. SANDLER-SIMS, EMILIE S.          Page 6 of 6
Motion No. 004

6 of 6