Tsung Tsin Assn., Inc. v Ango Mgt. Inc (2024 NY Slip Op 51110(U))

[*1]

Tsung Tsin Assn., Inc. v Ango Mgt. Inc

2024 NY Slip Op 51110(U)

Decided on August 28, 2024

Civil Court Of The City Of New York, New York County

Li, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 28, 2024
Civil Court of the City of New York, New York County

Tsung Tsin Association, Inc., Petitioner(s),

against
Ango Management Inc, Respondent(s), ALSAIDI; CHINA SQUARE CONVENIENCE, INC., Respondent(s)/Undertenant(s).

Index No. LT-312238-23/NY

Petitioner's counsel:
Kaufman Friedman Plotnicki & Grun LLP
300 East 42 Street 
New York, New York 10017
Respondent Ango Management Inc.'s counsel:
Morton S Minsley Esq
101 Lafayette Street 10th Floor
New York, New York 10013
Respondents/Undertenants' Counsel
Joseph A. Altman, P.C
654 North Terrace Avenue
Mount Vernon, New York 10552

Wendy Changyong Li, J.

I. Recitation of the papers considered in the review of this Motion as required by CPLR 2219 (a)
Upon reading Respondent ALSAIDI and Respondent CHINA SQUARE CONVENCIENCE, INC (collectively, "Undertenant")'s Motion ("Motion #1") to dismiss, Petitioner's opposition and Cross-Motion ("Motion #2") for discovery, Undertenant's opposition [*2]and reply, and Petitioner's reply, together with all supporting documents, Motion #1 and Motion #2 are decided as follows.
II. Background
On June 20, 2023, Petitioner-Landlord, initiated a special proceeding pursuant to RPAPL 711 (5) against Respondent-Overtenant ANGO MANAGEMENT INC ("Overtenant") and Undertenant, seeking a judgment of possession, a warrant of eviction, and monetary damages. Overtenant interposed its answer on July 13, 2023 and Undertenant interposed their answer on July 16, 2023. On August 29, 2023, Undertenant filed Motion #1, seeking to dismiss the Petition. On October 6, 2023, Petitioner cross-moved, filing Motion #2, seeking to compel discovery.
III. Discussion
Respondent's Motion to Dismiss
"On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Feldman v. Nassau Life Ins. Co., 224 AD3d 801, 803 [2nd Dept. 2024]).
The lease agreement ("Lease") between Landlord-Petitioner and Overtenant was entered into on November 2, 2022; on the same day, the sublease agreement ("Sublease") was signed between Overtenant and Undertenant with Landlord-Petitioner's consent. Undertenant argued that Paragraph 12 of the Sublease (Motion #1, Exhibit D) stated that "Petitioner is required to provide a cure period, and, after the period to cure, must provide 15-day notice to the Respondents." However, Paragraph 12 of the Sublease only applied to Overtenant's rights and obligations with regards to terminating the Sublease. The Overtenant here is Respondent ANGO MANAGEMENT INC, not Landlord-Petitioner TSUNG TSIN ASSOCIATION, INC. Paragraph 12 of the Sublease did not define Landlord-Petitioner's right or obligation to terminate the Sublease.
Even if Landlord-Petitioner were subject to a similar notice-to-cure requirement in the Sublease, which it was not in this case, the Court agrees with Petitioner that since this action is predicated on a violation of law, the proceeding presumes that the lease is "void" and is therefore terminated (see RPL 231(1); see also Hudsonview Co. v. Jenkins, 169 Misc 2d 389, 391 [Civ. Ct. 1996]). "It is therefore not necessary for the landlord to serve a predicate termination notice as a condition precedent to bringing on an illegal use eviction proceeding" (36170 Realty Ltd v. Boyd, 73 Misc 3d 920, 935 [Civ. Ct. 2021]).
Undertenant further argued that Petitioner lacked grounds to commence its Petition. Undertenant alleged that Petitioner's reliance on RPL 231(1) was faulty as "RPL 231(3) explicitly states that said statute applies to two or more convictions within 1 year" (Motion #1, ¶ 14). Petitioner's Affidavit of Sale of Cannabis only recorded a single allegedly illegal cannabis transaction. However, the Court notes that the Petition never invoked RPL 231(3), "nor is such invocation required because the Petition does not allege prostitution or gambling offenses. Rather, the Petition relied upon RPL 231(1), which provides an independent basis to void a tenancy" (Samayoa LLC v. Nelson, 56 Misc 3d 1201(A) [Civ. Ct. 2017]). Despite Undertenant's arguments to the contrary, the statutory language of RPL 231(3) is clear in scope:
"For the purposes of this section, two or more convictions of any person or persons had, within a period of one year, for any of the offenses described in section 230.00, 230.05, [*3]230.06, 230.11, 230.12, 230.13, 230.20, 230.25, 230.30, 230.32 or 230.40 of the penal law arising out of conduct engaged in at the same premises consisting of a dwelling as that term is defined in subdivision four of Multiple Dwelling Law § 4 (Definitions) shall be presumptive evidence of unlawful use of such premises and of the owners knowledge of the same." [emphasis added]
RPL 231(3) here only applies to cases of alleged prostitution, not cannabis sales.
Undertenant also alleged that Petitioner did not have a cause of action under RPAPL 711(5) as Landlord-Petitioner failed to allege that Undertenant used the demised premises "customarily or habitually for an illegal trade or business like the sale of illegal drugs" (N.Y.C. Hous. Auth. v. Grillasca, 18 Misc 3d 524, 525 [Civ. Ct. 2007]). The Court disagrees. "To assert a valid claim pursuant to RPAPL 711(5) petitioner need not prove the commission of the specific illegal acts. Rather all that is necessary is that the acts and conduct proven warrant an inference that the premises were being used for any illegal trade or manufacture, or other illegal business" (36170 Realty Ltd v. Boyd, 73 Misc 3d 920, 941 [Civ. Ct. 2021]). New York Courts have previously found that the unlicensed sale of a single marijuana cigarette to a 19-year old was sufficient to establish Petitioner's prima facie case for a judgment of possession pursuant to RPAPL 711 (see Choi v. Ibrahim, 2023 NYLJ LEXIS 3609). In this case, Petitioner's evidence of a similar sale of a single marijuana cigarette to a 19-year old, in addition to allegations of repeated verbal complaints from community members, is sufficient to defeat Undertenant's motion to dismiss.
CPLR 3212 provides that "a motion for summary judgment shall be supported by affidavit, by a copy of the pleadings and by other available proof, such as depositions and written admissions" (CPLR 3212[b]). "Mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" (Zuckerman v. City of New York, 49 NY2d 557, 562 [1980]). "A defendant moving for summary judgment [seeking an order dismissing plaintiff's complaint] has the initial burden of coming forward with admissible evidence, such as affidavits by persons having knowledge of the facts, reciting the material facts and showing that the cause of action has no merit" (GTF Mktg. v Colonial Aluminum Sales, 66 NY2d 965, 967 [1985]; Anghel v Ruskin Moscou Faltischek, P.C., 190 AD3d 906, 907 [2d Dept 2021], see Jacobsen v. New York City Health & Hosps. Corp., 22 NY3d 824, 833 [2014]). A motion for summary judgment "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party" (CPLR 3212[b]; Zuckerman v. City of New York, at 562, see GTF Mktg. v Colonial Aluminum Sales, 66 NY2d at 968). Here, Undertenant failed to establish its prima facie case warranting a dismissal of the Petition.
The Court has reviewed Undertenant's other arguments and found them meritless.
Petitioner's Motion to Compel
"A trial court is given broad discretion to oversee the discovery process" (Castillo v. Henry Schein, Inc., 259 AD2d 651, 652, 686 [2nd Dept. 1999]). Undertenant opposed Petitioner's motion for discovery on two grounds: first, because Petitioner had no cause of action; and second, because Petitioner's proposed discovery demands were unduly broad and irrelevant, as they involved information about allegedly licensed cannabis transactions. This Court denies Undertenant's motion to dismiss and equally finds Undertenant's first opposition meritless. The Court, having reviewed Petitioner's First Demand for the Production of [*4]Documents and Things (Exhibit F, He Affidavit), likewise finds Respondents' second ground to be meritless. Petitioner's Discovery Demand did not seek information on Cannabinoid-hemp transactions, for which Respondents do have a license to sell, but rather transactions of Cannabis and Cannabis-products, which are legally distinct from Cannabinoid-hemp (NY Comp. Codes R. & Regs. tit. 9 § 114.3) and which Respondents are not licensed to sell. Petitioner's motion to compel is granted in its entirety.
IV. Order
Accordingly, it is
ORDERED that Motion #1, Undertenant's motion to dismiss is DENIED in its entirety and Motion #2, Petitioner's motion to compel is GRANTED in its entirety; and it is further
ORDERED that all Respondents and Respondent(s)/Undertenant(s) shall comply with Petitioner's discovery demand within 20 days of entry of this Order; and it is further
ORDERED that this matter shall be set for trial on October 2, 2024 at Part 52 at 9:30 a.m.
This constitutes the DECISION and ORDER of this Court.
Dated: August 28, 2024
New York County
Honorable Wendy Changyong Li, J.C.C.